UTICA,
Aug. 1824.

Jackson
v.
Rathbone.

*E. Williams,* in reply, confined himself to the question, whether the location, according to the description in the special verdict, would include the premises of which the plaintiff sought to obtain possession. He examined the proofs before the Court, and contended that the plaintiff had attempted to take possession of no more than was covered by the special verdict.

The cause was argued in *May* term last, and remained under advisement to the present term,, when,

## THE SAME *against* THE SAME.

The sheriff having erred upon the merits, in executing a writ of inquiry, under the 3d section of the act to prevent delays of execution, &c. (1 R. L. 143) the inquisition was set aside on motion.

But the Court refused to appoint elizors to execute the writ; though it appeared that both the sheriff and coroner were members of a corporation which was interested in, and had defended another cause, at the suit of the plaintiff in the writ of inquiry, that depended upon the same questions as those upon which the suit in which the writ issued were determined.

*It seems,* that upon such a writ of inquiry, the plaintiff is entitled to recover nominal damages, at all events ; and that an inquest which finds for the defendant, will be set aside on that ground alone.

THE last cause having been removed by the defendant, on a writ of error, to the Court of Errors, where the judgment

was affirmed, and the record remitted, &c. a writ of inquiry issued, and an inquisition was taken under the 3d section of the act (1 *R. L.* 143,) concerning writs of error, and to prevent delays of execution, before the Under Sheriff of the city and county of *New York*, on the 28*th* day of *April*, 1824. On the hearing, before the Under Sheriff and jury, all parol evidence of location was overruled and disregarded, except what related to the special verdict; and, on the ground that the description in the special verdict did not comprise any land in possession of *Gould*, at the commencement of the suit, the jury found for the defendant; and that the plaintiff *had sustained no damages for mesne profits.* The Sheriff and Coroner of *New-York* are members of the *Mechanics' Society ;* and a suit brought by the same plaintiff, on the demises of the same lessors, against *Robert Chew*, at the time of the commencement of the suit, and now a tenant of the society, and an actual occupant under them, of the premises claimed in that action, had been defended at the expense of the society. This suit, together with several suits against the bank of *New-York* and their tenants, depend upon the same title, and were commenced at the same time.

Upon affidavits of these facts, *L. Mitchell & E. Williams* moved to set aside the inquisition, and that elizors be appointed to execute the writ. They made this motion before the Court had passed upon the motion in the last cause.

[Woodworth, J. suggested that the material question here would be disposed of by the decision upon that motion. If for the plaintiff, he must have his damages upon the writ of inquiry: otherwise, if for the defendant.]

*Williams.* Yes. But whatever be the fate of that motion, the inquest must be set aside. The plaintiff recovered something in the Court of Errors. Of this the record was conclusive evidence. The Sheriff and jury could not overrule or reverse the decision of that Court, and deny us all damages.

[Woodworth, J. True; this was an informality. You are entitled to nominal damages in any event.]

UTICA,
Aug. 1824.

Jackson
v.
Chew.

*Mitchell* said the authorities were plain for the appointment of elizors on account of the Sheriff's and Coroner's interest. And

*Williams* said, there is a difference between jury and executive process. Here the Sheriff or Coroner must act judicially, and a remote interest disqualifies him.

*Clisbe*, contra, insisted that the mere circumstance that the officer is a member of a corporation which is interested in opposing the plaintiff in another cause, though the question be the same, is too remote an interest, of itself, to disqualify him. No evidence of corruption or partiality is furnished. A Sheriff may execute his own process, if it be ministerial.

At another day, and when the *Court* came to decide the motion in the last cause, they said that it disposed of this motion to set aside the inquisition, which must be granted. But as to the motion for appointing elizors, they denied it ; saying, that though the Sheriff had acted erroneously, he had not acted partially ; that the objection of interest was so remote as not, of itself, to be a disqualification. It went merely to the favor of the officer ; and the Court were to determine from the facts, whether it would so far influence him as to render the execution of the writ of inquiry by him unsafe for the plaintiff. They did not think so. Upon the evidence before them, they were satisfied that the error was one of judgment merely.

Rule accordingly.