SULLIVAN, J.
The complainant in the Court below, Dun-kin,-on bill filed, sued out a writ of ne exeat against Crocker, by which, among other things, the sheriff was commanded to ^summon the defendant to appear before the judges of the Fountain Circuit Court on the first day of the next term of said Court, to be holden at, &c., on the third Monday of September, 1841, to answer, &c. The bill was filed and the writ issued on the 17th of March, 1841. The session of the Fountain Circuit Court, next after issuing the writ of ne exeat, was required by law to be held on the Monday next succeeding the Court in the county of Warren, that is, on the second Monday of September, 1841. The Court accordingly was opened on that day, and on the first day of the term, Chandler, as amicus curice, moved the Court to quash the writ because it was not made returnable to the first day of the term next after it issued; but the Court overruled the motion. The defendant not answering, a decree pro confesso was entered against him.
Several errors are relied upon for the reversal of the judgment, but the only one that can avail the plaintiff in error is the refusal of the Court to quash the writ. 'The statute requires all writs to be made returnable to the first day of the *577 term next after they are issued. The writ in this case was made returnable to a day beyond the next term. A term thus intervened between the teste and the return day of the writ, and in such case it has been held that the writ is void. Shirley v. Hagar, 3 Blackf., 225; Burk v. Barnard, 4 J. R., 309; Reubel v. Preston, 5 East., 291. The court, therefore, should have sustained the motion to quash the writ.
W. M. Jenners and R. A. Chandler, for the plaintiff.
R. C. Gregory, for the defendant.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c. ,