James A. McCraven's Heirs *vs.* Doe, ex Dem. McGuire.

The statute of our State authorizes the " clerks of the probate courts to appoint deputies with the approbation of their several courts, who shall take the oath of office ; and thereupon such deputies shall have full power and authority to do and perform all the several acts and duties enjoined upon their principal.'' H. & H. Code, 471.  *Held*, that there is no doubt that the deputy clerk in this case was duly appointed and qualified, and therefore he was authorized to take the acknowledgment.

The deposition in this case was improperly rejected by the circuit court, because of a misdescription of the suit in the commission, for it is scarcely possible that the plaintiff could be injured by the clerical error.

The patent was properly admitted in evidence, notwithstanding it bore date after the demise in the declaration.

The second instruction asked by the defendant, as to the possession of a portion of the land by plaintiffs, was properly refused by the circuit court.

In actions of ejectment, the jury may give a general verdict for the term yet to come in the lands in the declaration mentioned, and the plaintiff then takes possession at his peril under the execution, subject to be put right by the court in a summary way, if he takes more than he is entitled to ; or the jury may find a special verdict designating, by metes and bounds, the precise part they find for the plaintiff, and the judgment and execution must conform to the verdict.

In error from the circuit court of Washington county ; Hon. George Coalter, judge.

The opinion of the court contains a sufficient statement of the facts of the case.

*Enloe*, for defendant in error.

McCraven's Heirs *v.* Doe, ex dem. McGuire.

Mr Justice CLAYTON delivered the opinion of the court.

This is the same case, which is reported in 9 S. & M. 34. After it returned to the circuit court, the deed of Foster to McCraven et al. was again offered as evidence, upon the trial, to the jury, and again rejected, "Because the certificate of acknowledgment and registry purports to be before, and is in the name and style of the deputy clerk, and does not purport to be done by the principal clerk by his deputy."

The specific objection to this deed upon the first trial, was, that the acknowledgment was taken by the deputy clerk; and this court then held that the deed was admissible. The objection now is, to the form in which the acknowledgment was taken.

It is certainly more regular in point of form, that the deputy should perform all official acts in the name of his principal. But only two considerations can now enter into the decision of this question : first, Was the deputy authorized to do the act ? next, Was the act done in pursuance of the authority ?

In regard to the first of these, the statute provides, " That the clerks of the court of probate shall have power to appoint deputies, with the approbation of their several courts, who shall take the oath of office ; and thereupon, such deputies shall have full power and authority to do and perform all the several acts and duties enjoined upon their principals." H. & H. 471. There seems to be no doubt, but that the deputy was duly appointed and qualified ; it follows therefore, from the former decision, that he was authorized to take the acknowledgment.

As to the next inquiry, the acknowledgment bears the test of the official seal of the court; and a certificate that it was annexed by Beauchamp, as the deputy clerk of the court. This was in pursuance of the power vested in him, and we think the deed was improperly rejected.

Another objection made to the deed in this court, is, that it was recorded in Washington county, and that the land, in point of fact, was never situated in that county, and this fact, it is said, this court is bound judicially to know. This objec-

McCraven's Heirs *v.* Doe, ex dem. McGuire.

tion was not taken in the court below, and we shall not now entertain it here.

The objection to the deposition of F. E. Plummer, on the ground of a misdescription of the title of the suit in the commission under which it was taken, is purely technical. It was shown that there was, and had been no other case in the court, to which the description was at all applicable. It is scarcely possible, that the plaintiff could be misled or injured by the clerical error, and it was erroneous in the circuit court to reject the deposition, because of the variance.

The patent was properly admitted in evidence, notwithstanding it bore date after the demise in the declaration. It was mere evidence of the consummation of a title which had its inception under the treaty. The legal title passed to the reservee by virtue of the treaty. *Coleman* v. *Doe*, 4 S. & M. 47; *Newman* v. *Harris*, 4 How. 560; *Wray* v. *Doe*, 10 S. & M. 461.

There is but one of the charges asked upon the trial, about which it seems necessary to offer any remarks. This was the second instruction asked by the defendant, and which his counsel contend was erroneously refused. The charge asked, was as follows: " That if the jury believe the plaintiff was in possession of part of the land, they could not, as to that part, find a verdict in his favor, and that they could not find a verdict for plaintiff for any portion, unless there was proof to show what portion was occupied by McCraven or his tenant.

There was, in our opinion, no error in the refusal to give this charge. In the action of ejectment, the jury may give a general verdict for the term yet to come in the lands in the declaration mentioned; and the plaintiff then takes possession at his peril under the execution, subject to be put right by the court, in a summary way, if he takes more than he is entitled to. Or the jury may find a special verdict, designating, by metes and bounds, the precise part they find for the plaintiff, and in such case the judgment and execution must conform to the verdict. *Jackson* v. *Rathbone*, 3 Cow. 296; *Camden* v. *Haskell*, 3 Ran. 465; Adams on Eject. 326, 341;

*Doe* v. *Wilson,* 2 Stark. 477, note. But, for the errors before stated; the judgment is reversed, and new trial awarded.*

---

* A petition for re-argument in this case was filed by the counsel for defendant, but refused by the court.