## FROUST vs. BRUTON, ADM'R OF LEE.

1. Under the act concerning administrators, an action lies against the administrator of one, who has, in his lifetime, been guilty of a trespass.

2. A defendant, having permitted judgment by default to go against him, has no right, on an inquiry of damages, to offer any evidence in denial of the plaintiff's right of action. The default admits the plaintiff's right of action.

3. An inquiry of damages, upon a judgment by default, may be executed at a subsequent term.

## APPEAL from New Madrid Circuit Court.

Ryland J., delivered the opinion of the court.

The plaintiff filed his petition in the New Madrid circuit court against the defendant William P. Bruton, administrator de bonis non of the Estate of Squire Lee deceased, charging, that the intestate Lee, in his lifetime, entered upon a certain tract of land belonging to the peti-

tioner, and that he took and carried away certain houses and house-logs to the value of thirty dollars; and also took and carried off two thousand rails worth twenty five dollars, and that he cut down and carried off house-logs to the value of ten dollars.

The defendant failed to appear and answer, and judgment was taken by default against him, and a writ of inquiry of damages awarded, returnable at the succeeding term of the court.

The defendant afterwards moved to set aside the judgment by default but his motion was overruled.

At the subsequent term, the plaintiff proceeded to have the writ of inquiry executed, and offered evidence to the jury of the value of the house-logs and rails which had been taken off; the defendant objected to this evidence, because the writ of enquiry was not executed at the same term the default was had; alledging that it could not be executed now, because a full term had intervened between the default and the inquest. The plaintiff showed an order of court continuing all cases not otherwise disposed of, and defendant's objections were overruled, and he excepted. The plaintiff then proved the value of the house-logs and the rails which had been taken off, the rails having been put up in a fence. The defendant offered to prove, that the fence did not belong to the plaintiff. The plaintiff objected and the court sustained the objection, and the defendant excepted. The defendant offered, also to read in evidence, a transcript of the record and proceedings of a suit before a justice of the peace, in which the trespasses complained of in this action had been adjudicated between the plaintiff and the defendants' intestate, in his lifetime, which was objected to and ruled out by the court, to which the defendant excepted. The jury assessed the plaintiff's damages at fifty dollars.

The defendant moved an arrest of judgment, assigning as reasons;

1st. That an administrator cannot be sued for a trespass committed by his intestate, as alledged in plaintiff's petition.

2nd. That the court erred in rendering judgment by default in this cause against the defendant for the same reason. This motion being overruled the defendant brings the case here by appeal.

The new code of practice provides, that where there is no answer in cases not founded on bond, bill, or note for money, the plaintiff may have a jury if he require it to assess his damages: See article 12, section 2nd, code of practice, 1849. There is nothing requiring the assessment of damages to be at the same term of the default; nothing prohibiting the court from having the damages found by writ of inquiry, at a subsequent term.

The defendant's evidence, showing that the fence did not belong to the plaintiff, and the trespass had been formerly adjudicated, was properly refused by the court. This evidence was not in mitigation of damages, it was denying the plaintiff's right of action which has already been admitted by the default.

The act concerning administrators, article II, section 25th, declares: "For all wrongs done to the property, right, or interest of another, for which an action might be maintained against wrong doer; such action may be brought by the person injured, or after his death by his executor or administrator, against such wrong doer, and after his death against his administrator or executor in the same manner and with the like effect in all respects as actions founded upon contract."

This statute fully sustains the right of the plaintiff to maintain an action against the administrator of one who has, in his lifetime, been guilty of the wrong to the property, rights or interests of the plaintiff.

The motion in arrest of judgment was therefore properly overruled. The other judges concurring, the judgment below is affirmed.