*J. E. M'Donald,* for the appellant.

---

CAREY and Another *v.* BUTLER.

Where process was dated *December* 22, and was served by the sheriff on the 24th of the same month, commanding the defendants to appear on the second day of the ensuing *April* term, and at the intervening *January* term, commencing on the 5th day of that month; judgment was rendered against the defendants by default. *Held,* that the process was a nullity, and the judgment illegal.

APPEAL from the *Perry* Court of Common Pleas.

HANNA, J.—This was a suit upon a note. The summons was dated the 22d day of *December,* 1856, and by it the sheriff was commanded to summon the defendants to appear, &c., " on the *second* day of the next *April* term" of said Court. The *January* term intervened, at which the defendants were defaulted, and judgment entered against them.

The process was served on the appellants on the 24th of *December,* 1856. The *January* term commenced on the first *Monday,* being the 5th day of the month, 1857. Consequently, the service was a sufficient length of time before the term to authorize the default, if, by the terms of the writ, such proceeding could be had at that term of the Court.

In *Shirley* v. *Hagar,* 3 Blackf. 225, it was decided that a writ issued on the 19th day of *January,* 1832, returnable on the *Wednesday* after the last *Monday* in *August,* then next, was a nullity; because, by the statute then in

*Monday,* December 20.

Nov. Term,
1858.

force, the writ was returnable on the first day of the next term after it issued, and the *February* term intervened, &c.

The process, according to this authority, was a nullity, and, consequently, no judgment rendered by default could be legal.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*E. Dumont* and *O. B. Torbet,* for the appellants.