Nov. Term,
1858.

BILLINGSLEY
v.
STRATTON.

---

BILLINGSLEY *v.* STRATTON.

Parties to a written contract not under seal, may, after its execution, dissolve, or waive, or discharge, or qualify the contract, or any part thereof, by a new verbal contract; and such waiving, &c., if made before breach, will be a good defense to a suit on the contract.

But if the plea fails to aver that the new contract was made before breach of the contract sued on, it is bad.

*Monday,*
*December* 20.

APPEAL from the *Dearborn* Court of Common Pleas.

DAVISON, J.—*Stratton* sued *Billingsley* upon a promissory note for the payment of 450 dollars. The note bears date *June* 27, 1856, is payable to one *Jacob Iliff*, at ten days, and was by him indorsed in blank to the plaintiff. Defendant's answer contains three paragraphs. The first and third make no point in the case, and will not, therefore, be further noticed. The second is as follows:

That defendant, when he executed the note in suit, was security for *Iliff*, the payee, on a note given by him, *Iliff*,

to one *Roswell Randall*, for 290 dollars. And after he gave the note sued on, and before the same was transferred to the plaintiff, it was agreed between *Iliff* and the defendant, that he, defendant, should pay the note to *Randall*, and should have a credit for that amount upon the note. in suit. It is averred that at the *June* term, 1856, *Randall* recovered a judgment in the *Dearborn* Common Pleas against this defendant, on the note, on which he was security, for 290 dollars, which judgment he is bound to pay, and which. amount he now sets up and claims as a set-off or payment, &c.

To this paragraph, there was a demurrer sustained. The issues of fact were submitted to the Court, who found for the plaintiff; and judgment was rendered accordingly.

The action of the Common Pleas in sustaining the demurrer, raises the only question in the case. We have decided that "parties to a written contract not under seal may, after its execution, dissolve, or waive, or discharge, or qualify the contract, or any part of the same, by a new verbal contract, and such waiving, &c., if made before breach, will be a good defense to a suit on the contract." *Rhodes* v. *Thomas*, 2 Ind. R. 638.—*Ward* v. *Walton*, 4 *id.* 75. But the pleading in question lacks an essential averment, and is, therefore, defective. It does not show that the agreement which it sets up in defense, was made before breach of the contract sued on. The averment that it was made after the execution of the note, and before its transfer to the plaintiff, is insufficient. And there is still another ground upon which the ruling of the Court must be sustained. The answer does not show that the defendant had, in accordance with his contract, paid the judgment for 290 dollars, or any part of it.

*Per Curiam.*—The judgment is affirmed, with 6 per cent. damages and costs.

*D. S. Major*, for the appellant.

*W. S. Holman*, for the appellee.