### Cornelius O'Flynn v. Jabish Holmes and others.

The Circuit Court can only refer to the clerk, for assessment and report, those cases on default in which such a written obligation or contract as is specified in the statute, is set forth in the declaration as the cause of action, or in which the action is upon a promissory note or bill of exchange, and the plaintiff has filed and served with his declaration a copy thereof.

O'FLYNN v. HOLMES.

Where it is recited in the judgment entry, in a case not proper for such a refer-
ence, that the judgment was rendered upon the clerk's assessment of damages,
but the prior order of reference to assess was to the *court* as it should have
been, the court can not make any presumption, against the recital in the judg-
ment, based upon such prior order, that the court actually assessed the da-
mages; but the judgment imports absolute verity.

It is competent for the court to assess damages after interlocutory judgment, with-
out calling a jury, if none is demanded.

*Heard April* 10*th. Decided April* 20*th.*

Error to Wayne Circuit. The facts are sufficiently stated
in the opinion.

*C. O'Flynn,* in person.

*D. J. Davidson,* for defendant in error:

The recital in the judgment of a reference to the clerk,
must be deemed a clerical error; the record itself shows
it to be such. All favorable intendments are always ex-
tended to judgments:— 4 *Clark (Iowa),* 146; 8 *Dana,* 190;
5 *Gilm.* 478; 2 *W. & S.* 135; 4 *Eng.* 69; 1 *Green (Iowa),*
363; 3 *Eng.* 372; 6 *Ind.* 448. The party who insists on
error, must make the record affirmatively show it:— 25
*Ala.* 30; 19 *Ga.* 93; 26 *Vt.* 112; 22 *Ga.* 168. And when
no injury has resulted from the error assigned — and none
is alleged here — the judgment will be affirmed:— 3 *Green*
*(Iowa),* 205; 16 *Ala.* 437; 18 *Ala.* 819; 15 *Ala.* 43, 317;
17 *Ala.* 696; 9 *Gill,* 1, 56, 156. And if the defect com-
plained of be a mere irregularity, the court should not
disturb the judgment unless a motion to set the same aside
has been made in the inferior court:— 22 *Mo.* 335; 11
*Fost.* 22; 6 *Mo.* 321.

MARTIN CH. J.:

Under the statute (*Comp. L. Ch.* 130), the Circuit Court
can only refer to the clerk for assessment and report those
cases in which a written obligation or contract is set forth
in the declaration as the cause of action. This reference
is made after interlocutory judgment, and the obligation
or contract must be in writing, and be either a bill of

exchange, promissory note, order, or draft for the payment of money, or some contract for the payment of money, or for the payment of a sum certain though payable in specific articles, or for the delivery of specific articles at a stipulated value or price. The only exception to the requirement that the written instrument shall be set forth in the declaration as the cause of action, is in cases where the action is upon a promissory note or bill of exchange, and the plaintiff shall file and serve with his declaration a copy of such note or bill; in which case the damages may be assessed as though the instrument had been specially set out in the declaration.

In the present case, the declaration containing only the common counts in assumpsit, the clerk clearly had no right to assess, but the damages should have been ascertained by the court or by a jury. The order of reference appears to have been to the court, as was proper; but the judgment entry shows, that the clerk actually ascertained and reported the damages, that the court assessed damages upon such report, and that the judgment was rendered thereupon. It was suggested, on the argument, that as the order of reference was in regular form, this court, after judgment, should presume the subsequent proceedings to have been regular and in conformity with it, upon the well settled maxim that every presumption should be in favor of the judgment. But the order was the entry of the plaintiff's attorney, made of course, after default; while the judgment entry is the act of the court; and it is that which the law presumes imports absolute verity. No presumption can therefore arise against the judgment, based upon the order of reference; for the whole record may be, and is undoubtedly true. Had the judgment been entered in the form prescribed by law (*Comp. L.* § 4431), this question could not possibly have arisen. This section provides, that the record shall state no reference to the clerk, nor any proceedings in consequence thereof; but that the damages

shall be stated as having been assessed by the court; but this disregard of the statute does not authorize us to overlook the facts deliberately set out in the record, or to presume any thing contrary to it.

It is further contended, that as the statute (§ 4437), provides, that in suits wherein the clerk can not assess the plaintiff's damages, such damages may be assessed by a jury, the duty of referring the question to a jury is imperative, and that an assessment by the court without a jury is illegal and void. Such was undoubtedly the case before the adoption of the Constitution of 1850, and the subsequent legislation respecting juries. But by the 27th section of article VI. of the Constitution, it is provided that the right of trial by jury shall remain, but shall be deemed to be waived in all civil cases, unless demanded by one of the parties in such manner as shall be prescribed by law. By the provisions of the act of 1853 (*Comp. L.* § 3435), all issues and questions of fact shall be tried by the court, unless a jury be demanded by one of the parties, in a manner prescribed by the rules of court; and by the Circuit Court rules, this demand is required to be made in writing.*

These provisions of the Constitution and statute evidently contemplate a dispensation, in all cases, with a jury, unless demanded by a party having a right to make such demand, or when ordered by the court. Now, in cases of assessment after interlocutory judgment, the amount of damages to which the plaintiff is entitled, although not put in issue, is still a question of fact; and by suffering default, the defendant has deprived himself of the right of tendering an issue; but if he has appeared, he, as well as the plaintiff, may

---

* The rule on this subject is as follows: "Rule 61. A party desirous of a trial by jury shall make his demand for a jury in writing, and file such demand with the clerk on or before the first day of the term for which the cause is noticed' for trial, and at or before the first call of the calendar; otherwise he shall be deemed to have waived his right to a jury: Provided, however, that the Judge of any Circuit Court may, whenever he deems it advisable, by a rule of said court, require the demand for a jury to be made and filed within such time before the commencement of any term thereof, as may be designated in such rule."

O'FLYNN v. HOLMES.

still demand a jury for the purposes of the assessment; while, if he has not appeared, the plaintiff may, although the defendant has forfeited such right. To this extent, the provision of the statute requiring the assessment to be made by a jury, which existed before the Constitution of 1850, is modified by it and subsequent legislation.

The judgment of the Circuit Court must be reversed, and the case sent back for re-assessment of damages.

The other Justices concurred.