WILL and Others *v.* WHITNEY and Another.

*Semble*, that a motion to discharge an attachment can not be made without a full appearance to the action.

At common law, a writ to be executed on the person, could not run beyond a term; and under our statutes, the forms prescribed for such writs, require service before, and a return at the next term.

Writs of attachment do not fall within the rule of personal writs, but may run until executed; or at least, until by reasonable diligence they can be executed.

It is not error for a sheriff to call different persons to assist him in levying upon and appraising different pieces of property, taken on the same writ of attachment.

The statute does not require that the householder thus assisting should be sworn, and the proceedings being statutory, need only conform to the statute.

Suit by assignees against the makers of a promissory note made in *Ohio*, and payable at a bank in that State. The defendants pleaded a set-off, to which the plaintiffs replied, setting out a statute of *Ohio*, which brought the note within the law merchant.

*Held*, that the reply was a departure, and that the defect might be reached by demurrer.

*Held*, also, that the plaintiffs, instead of replying the law of Ohio, should have amended their complaint.

APPEAL from the *La Grange* Common Pleas.

PERKINS, J.—Suit upon a note of the following tenor, to-wit:

"$469 $\frac{40}{100}$.                    "*Piqua, November* 30, 1857.

"Six months after date we promise to pay *Whipple* and *Gray*, or order, at the *Piqua* branch bank of *Ohio*, four hundred and sixty-nine dollars and $\frac{40}{100}$, for value received.
                              "*Will, Cable & Co.*"

Indorsed, "*Whipple* and *Gray.*"

The suit is against *Will*, *Cable*, and *Jones*. *Cable* and *Jones* appeared and answered. Concurrently with the commencement of the suit, a writ of attachment was obtained, which was levied upon property of *Will*.

*Will* appeared, first, simply to move to set aside the levy of the attachment. Afterward, it appears by the record, he

made full appearance. The record recites: "come now the plaintiffs by their attorney, and the defendants, *Will* and *Jones*, also come by *Andrew Ellison*, their attorney, and move the Court to set aside the attachment in this behalf; and on motion, depositions are published in behalf of said defendant *Cable*." Thus an appearance by all the defendants is shown. Indeed, it seems that a motion to discharge an attachment can not be made without full appearance. 2 R. S., § 188, p. 70. The writ of attachment issued on *November* 3, 1858. The next succeeding term of the Court commenced on the 15th day of the same month. The writ was not returned to the *November* term, and was not executed till the *February* following.

It was the common law, that a writ to be executed on the person, could not run beyond a term. It was a rule in favor of the liberty of the subject. Suits, at common law, were commenced by *capias;* and, if they could have been made to run beyond a term, it is easy to see, they might have been used as instruments to keep men unjustly confined in jail. This reason, as a general proposition, does not exist in this State at present. But there are reasons of public policy, which render it proper that writs should not lie indefinitely in the hands of officers unexecuted; and the forms prescribed by statute, of writs to be personally served, require service before, and return at, the next succeeding term. Perk. Prac. 147, 150. And see, *Carey* v. *Butler*, 11 Ind. 391. But writs of attachment of property do not seem, either in reason or by statute, to fall within the rule of personal writs. They issue at any time during the pendency of a cause, and require a return when executed. See Perk. Prac. 153.

We think writs of attachment may run till executed; or, at least, till, by reasonable diligence, they can be executed. They should be returned, without doubt, immediately upon execution.

It was also objected to the attachment, that different persons were called to assist the sheriff in levying upon, and appraising, different pieces of property under it. We do not see that this was necessarily objectionable. It was not in violation of the letter of the statute; and, if the pieces of

Nov. Term,
1860.

WILL
v.
WHITNEY.

property were situate in different parts of the county, it might have been a convenient and judicious course.

It was further objected, that the householders who assisted at the levy and appraisement were not sworn. The statute did not require it; and the proceeding being statutory, need only conform to the statute.

This disposes of the attachment branch of the cause. We return now to the principal suit. The suit, we have seen, was upon a promissory note made in *Ohio*, but containing no special stipulation to bring the contract within a particular statute. The note, upon its face, made a good cause of action under the general law of *Indiana*. The defendants answered by way of set-off. The plaintiffs replied a statute of *Ohio*, putting promissory notes substantially under the operation of the law merchant, setting out the statute.

The defendants demurred, on the ground that the reply was a departure from the complaint, and did not, therefore, contain facts that could be legally replied in avoidance of the answer. The Court overruled the demurrer.

If the reply was objectionable as a departure, it was because it did not support the cause of action. Such being the case, it would seem that a departure would be ground of demurrer; for the reason that the reply, founded on it, would not contain facts legally sufficient to avoid the defense. Perk. Prac. 236.

But was the reply a departure? Such was the decision of this Court under the former system of practice. *Wells* v. *Teall*, 6 Blackf. 306.

If there was any reason or law in the rule under the old system, we think there is equally as much under the new. The plaintiffs, instead of replying the law of Ohio, should have amended their complaint. See *Zehnor* v. *Beard*, 8 Ind. 96.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*A. Ellison*, for appellants.

*R. Parrett*, for appellees.