*R. Parrett*, for the appellants.

Nov. Term, 1861.

Rigsbee
v.
Bowler.

---

## Rigsbee v. Bowler.

The Common Pleas act of 1859, (Acts 1859, p. 89,) requires writs in that Court to be made returnable on the first day of the term, but the naming of a wrong day, in the right term, in the writ, is a mere clerical error, which would work no prejudice, the defendant being supposed to know the law; but a writ made returnable to a wrong term, or made to run past a term, would be void.

To a suit by an assignee, upon a promissory note not payable in bank, the defendant answered, that before notice of the assignment of the note, the payee had agreed with him, in consideration that he would pay him another debt of three hundred dollars before the same became due, that he would extend the time of payment of the note sued on.

*Held*, that the answer presented a good defense.

A subsequent verbal agreement, changing a previous written agreement, may be valid, and may be proved by parol, in a case where the original contract might have been made by parol.

APPEAL from the *Shelby* Common Pleas.

Perkins, J.—*Bowler* sued *Rigsbee* upon a promissory note made by the latter to one *Carney*, by whom it was indorsed to one *Corey*, who indorsed it to the plaintiff, *Bowler*.

The writ, in the cause, was made returnable on the second

Saturday,
November 30.

Nov. Term, day of the next term succeeding its issue, and was served
1861. ten days before the first day of the term.

RIGSBEE     Had the writ been returnable in the Circuit Court, it
v. would have been regular. Perk. Prac. 147. But the Com-
BOWLER. mon Pleas act of 1859, requires writs in that Court to be
returnable on the first day of a term. Acts 1859, p. 89.

The naming of a wrong day, in the right term, in the writ,
was, however, a mere clerical error, which worked no preju-
dice. The defendant knew the law, and knew that by it the
writ was returnable on the first day of the term. *White
Water Valley*, &c. Co. v. *Henderson*, 3 Ind. 3; *Davidson* v.
*Alvord*, *id.* 1; *Ziegenhager* v. *Doe*, 1 Ind. 296. Had the
writ been returnable to a wrong term, or run past a term,
it would have been void. *Carey* v. *Butler*, 11 Ind. 391.
For a modification of this rule in attachment cases, see
*Will* v. *Whitney*, 15 Ind. 194.

The note on which this suit was brought, was not payable
at bank; was given in 1855, and was payable *December* 25,
1859. The defendant answered to the suit, that in 1856,
after the giving of the note sued on, and before he had any
notice of its assignment, he became indebted to the payee
of it in the further sum of three hundred dollars, due at a
future day, and the said payee agreed that if the defendant
would then pay to him the said three hundred dollars, before
it fell due, he would extend the time of payment of the note
now sued on, till *December* 25, 1860. And the defendant
avers that, in pursuance of said agreement, and as the con-
sideration of such extension of time, he did then and there,
and before the same was due, pay to said *Carney*, the payee
of the note, said three hundred dollars, &c.

The Court sustained a demurrer to this answer. The
Court erred.

It was held by the Supreme Court of *Ohio*, in *Peck* v.
*Beckwith*, 10 Ohio St. Rep. 497, that when the payee and
holder of a promissory note, before its maturity, agrees with
the maker to give further specified time for its payment, in
consideration of a sum of money then and there paid him
by the maker, such agreement is a valid contract, and may
be set up as a temporary bar in an action brought, before

the expiration of such further time, against the maker, by an assignee who acquired the note after maturity, or with notice. In the case at bar, the new contract is shown to have been made before breach. See *Billingsley* v. *Stratton*, 11 Ind. 396, and cases cited. Payment of a debt before it is due, is a good consideration for a promise. See *Fitzgerald* v. *Smith*, 1 Ind. 310, 314. A subsequent verbal agreement, changing a previous written agreement, may be valid, and may be proved by parol, (Ind. Dig., p. 291,) in a case where the original contract might have been made by parol. Fry on Specific Performances, side p. 303. It is held in *Lawell* v. *Rader*, 24 Penn. St. Rep. 283, that where a sealed agreement is so changed by a subsequent written one, that the former could not be executed in connection with the latter, as made, the whole becomes parol. In *McComb* v. *Kittridge*, 14 Ohio Rep. 384, it is held that a written agreement, past due, may be altered by a parol agreement.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*M. M. Ray* and *B. F. Davis*, for the appellant.
*William Henderson*, for the appellee.