CONAWAY *et al.* v. DORST *et al.*

PLEADING.—In a suit upon promissory notes, the defendant answered, that, before the commencement of the suit, he delivered to the plaintiff a large amount of promissory notes on solvent persons, to be collected by the plaintiff, and applied in payment of the notes sued on, and that the plaintiff agreed, in consideration thereof, that he would not in the meantime sue on said notes. *Held*, That the answer was defective, and constituted no defence to the plaintiff's

Conaway et al. *v.* Dorst et al.

action; but if the answer had averred that such notes were delivered to the plaintiff before the maturity of the notes sued on, the result would have been otherwise.

APPEAL from the *Henry* Common Pleas.

HANNA, J.—Suit on promissory notes. Answer, among other matters, that before the commencement of said suit, the defendant delivered to the plaintiffs a large amount, &c., of promissory notes on solvent persons, to be collected by said plaintiffs, and applied in discharge of said notes sued on, and that it was then agreed that, in consideration thereof, said plaintiffs were not in the meantime to sue upon said notes, &c.

A demurrer was sustained to this paragraph of the answer, which ruling, it is insisted, was, upon the authority of *Rigsbee* v. *Bowler*, 17 Ind. 167, erroneous.

In that case, the promise to give time, &c., was based upon an agreement made before the maturity of the note. Here it is not shown whether it was made before or after such maturity. We can not presume that it was made before that period, in view of the well-settled rules that maintain in the construction of pleadings. It has been often decided by this Court, that such an arrangement, after the maturity or breach of the original contract, can not be pleaded in bar of a suit upon such contract, although it might, of itself, be the foundation of an action.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*James Brown* and *Thomas A. Hendricks*, for the appellants.
*Martindale & Grubbs*, for the appellees.