BRIGGS ET AL. *v.* SNEGHAN ET AL.

SUMMONS.—*Returnable to Day Beyond the Next Term.—Void Judgment.*— A summons made returnable to a day beyond the next term of court, a term of court intervening between the *teste* and return of the writ, is void, and a judgment rendered by default on the service of such writ is void.

SAME.—*Appearance after Default.*—An appearance after a default on the service of a void summons, and making an unsuccessful motion to set aside the default, and contesting the damages, will not waive the error in the invalidity of the summons.

DEFAULT.—*What Admitted by Default.*—The default of the defendant admits the cause of action, the material and traversable averments, and that something is due the plaintiff, but leaves the amount open to be determined by the proof.

Briggs *et al. v.* Sneghan *et al.*

SAME.—*Rights of Defendant after Default.—Assessment of Damages.*— In the assessment of damages after default of the defendant, he may appear and demand a trial by jury; he may cross-examine the witnesses called by the plaintiff, and may call other witnesses and prove any matter which properly goes to extenuate or mitigate the damages; he may require the court to give proper instructions as to the measure and extent of damages; he may argue the question of damages, may move for a new trial, and may reserve by a bill of exceptions any question affecting the damages.

SAME.—The right of a defendant after default, in an inquest of damages, does not extend so far as to allow him to introduce a substantive defence; but, subject to this qualification, he may show that the plaintiff has no legal claim to any but nominal damages.

From the Marion Superior Court.

*M. M. Ray, G. H. Voss, B. F. Davis,* and *J. A. Holman,* for appellants.

*C. H. Test, D. V. Burns,* and *G. S. Wright,* for appellees.

BUSKIRK, J.—The jurisdiction of the court below is called in question by the assignment of errors, and we proceed to consider and determine that question before examining the other questions affecting the merits of the case.

The following facts appear of record:

The appellees, on the 28th day of April, 1871, filed in the office of the clerk of the Superior Court their complaint against appellants, and on that day a summons was issued by the clerk of said court, returnable on the first Monday of June, 1871.

By such summons the sheriff was commanded to summon the defendants to appear, etc., on the second day of the next June term of said court.

Such summons was returned with the following endorsements thereon:

"Come to hand April 28th, 1871, and served by reading and delivering a copy to William G. Briggs, and leaving a copy at the last and usual place of residence of Erastus M. Briggs, April 29th, 1871.          N. R. RUCKLE,
                                              "Sheriff Marion Co."

On the 7th day of June, 1871, being the third judicial day

of the June term, 1871, the said defendants were called and defaulted.

It is provided by section 6 of the act creating the Superior Court, that the terms of said court shall commence on the first Monday of each month, except July and August, and the terms of said court shall be called after the different months in which they are held, etc.   Acts 1871, p. 48.

It is provided by the eleventh section of said act, that "the process of said court shall have the seal affixed, and be tested, directed, served, and returned, and be in form, as is or may be provided for process issuing from the circuit court."   Acts 1871, p. 50.

It is provided by section 34 of the code, 2 G. & H. 59, that a civil action shall be commenced by the filing in the office of the clerk a complaint, and causing a summons to issue thereon; and the action shall be deemed commenced from the time of issuing the summons, etc.

It is provided by section 315 of the code, 2 G. & H. 194, that every action shall stand for issue and trial at the first term after it is commenced, when the summons has been served on the defendant ten days, or publication has been made for thirty days before the first day of the term.

The legislature, which adopted the code of practice, prescribed certain forms, which are declared to be sufficient.

The thirty-seventh form is as follows:

"The State of Indiana: To the Sheriff of ———— county.

"You are commanded to summon C. D. to appear in the ———— circuit court, on the second day of the next term thereof to answer the complaint of A. B., and of this summons make due return.   Witness the clerk and seal of the court this———day of———.      E. F., Clerk. [L. s.]"

An action is deemed commenced from the time of issuing the summons.   Every action is to stand for issue and trial at the first term after it is commenced.   The form prescribed by the legislature requires the summons to be made returnable on the second day of the next term.   The terms of the superior court commence on the first Mondays of each

month except July and August. The process in the superior court shall be in the same form as is or may be provided for process issuing from the circuit court. Can there be any room to doubt that a summons must be made returnable to the next term of the court which commences after it is issued? If the summons has been served ten days before the first day of the term, the case stands for issue and trial. If the summons has been served, but not ten days before the first day of the term, the cause will be continued until the next term. In such case no new process or service thereof is required. If the summons has not been served, the cause will stand continued, in which case another summons will have to be issued and served ten days before the next term of the court.

In *Shirley* v. *Hagar,* 3 Blackf. 225, it was held that a *capias ad respondendum,* issued in vacation, must be made returnable to the first day of the next term of the court, and if a term intervene between the date and return, the writ is void.

In *Crocker* v. *Dunkin,* 6 Blackf. 535, it was held that a writ of *ne exeat* should be made returnable to the first day of the term next after it issues. The court say: "The statute requires all writs to be made returnable to the first day of the term next after they are issued. The writ in this case was made returnable to a day beyond the next term. A term thus intervened between the teste and the return day of the writ, and in such case it has been held that the writ is void."

In *Carey* v. *Butler,* 11 Ind. 391, the ruling in the above cases was adhered to, and the writ was held to be a nullity, and that consequently no judgment rendered by default could be legal.

In *Will* v. *Whitney,* 15 Ind. 194, the court uses this language:

"It was the common law, that a writ to be executed on the person could not run beyond a term. It was made a rule in favor of the liberty of the subject. Suits, at common law, were commenced by *capias;* and, if they could have been made to

run beyond a term, it is easy to see they might have been used as instruments to keep men unjustly confined in jail. This reason, as a general proposition, does not exist in this State at present. But there are reasons of public policy, which render it proper that writs should not lie indefinitely in the hands of officers unexecuted; and the forms prescribed by statute, of writs to be personally served, require service before, and return at, the next succeeding term."

The above case was a proceeding in attachment, and it was held that a writ of attachment being against the property, and not to be served personally on the defendant, need not be made returnable at the next term, but should be returned whenever executed.

In *Rigsbee* v. *Bowler,* 17 Ind. 167, which was an action upon a promissory note, it was held that a writ made returnable to a wrong term or made to run past a term would be void.

The ruling in this court is fully supported by the authorities elsewhere. *Atkinson* v. *Taylor,* 2 Wils. 117; *Parsons* v. *Loyd,* 3 Wils. 341; Barnes Notes, 76, 409, 410, 420; 6 Com. Dig. Pl.; *Shirley* v. *Wright,* Salk. 700; *Reubel* v. *Preston,* 5 East, 291; *Burk* v. *Barnard,* 4 Johns. 309.

The writ in the present case was made returnable to a day beyond the next term. A term intervened between the teste and return of the writ. Such a writ would have been void at common law. It is unquestionably void under our statute. It stands as though no writ had been issued. There being no service of process, the judgment rendered by default is illegal and void. To render a personal judgment legal and valid, there must be service of legal process or an appearance. An appearance after a default, and making an unsuccessful motion to set aside the default, and contesting the damages, will not waive the error in reference to the validity of the summons. *Mills* v. *The State,* 10 Ind. 114.

Counsel have argued another question arising in the record, and as it is of considerable practical importance, and the correct practice not having been settled by this court, we proceed to consider and dispose of such question.

Briggs *et al. v.* Sneghan *et al.*

This was an action by the appellee against the appellants, to recover damages occasioned by the careless and unskilful manner in which the appellants had erected a house for the appellee. After the default was taken, a jury was called to assess the damages. The appellants at this stage of the proceedings appeared and were permitted to cross-examine the witnesses of the appellee. After the appellee had closed her evidence, the appellants introduced a competent witness and offered to prove facts tending to show that the appellee had sustained no real or substantial damage, but such evidence was objected to, upon the ground that a judgment had been taken against the appellants by default, and that while such judgment stood the appellants had no right to offer evidence tending to reduce the damages, or to show that appellees had sustained no substantial damage, which objection was by the court sustained, and the evidence excluded.

This ruling of the court involves an inquiry into the effect of a judgment by default and the rights of a defendant in the assessment of damages.

A judgment by default is interlocutory or final. When the action sounds in damages, as was the case in the common law actions of assumpsit, covenant, trover, trespass, case, or the like, the judgment was only interlocutory, "that the plaintiff ought to recover his damages."

In debt the judgment was commonly final, though a writ of inquiry was sometimes necessary, and was sued out to assess the damages. 1 Tidd Practice, 568.

Although the code has abolished the distinction between distinct forms of action, it has not changed the law governing such actions. While we have but one form of civil action, the law applicable to the common law actions is applied to the facts stated and proved and determines the rights of the parties. The effect of a judgment by default and the modes of assessing damages are, to some extent, regulated by the code.

It is provided by sec. 69, that if, from any cause, either party shall fail to plead or make up the issues within the time pre-

scribed, the court shall forthwith enter judgment as upon a default, etc. 2 G. & H. 95.

It is provided by section 382, that if a party fail to plead after the demurrer is overruled, judgment shall be rendered against him as upon a default. 2 G. & H. 221. The above sections regulate the taking of a default where the defendant appears, but a default may be taken for a failure to appear. If a defendant appear at the first calling of a cause, he must be ruled to plead before he can be defaulted; but if, on such calling, the defendant should not be present, no rule can be taken against him, but he must be defaulted in the first instance. *Langdon* v. *Bullock,* 8 Ind. 341.

It is provided by section 360 of the code, 2 G. & H. 216, that " the assessment of damages in case of default, shall be on or after the day on which the default is taken." It is provided in section 74, that allegations of value, or amount of damages, shall not be considered as true by the failure to controvert them. 2 G. & H. 100.

It is provided by section 367 of the code, 2 G. & H. 218, that " if the taking of an account, or the proof of a fact, or the assessment of damages is necessary to enable the court to pronounce judgment upon a failure to answer, or after a decision of an issue of law, the court may take the accounts, hear the proof, and, in actions founded on contract, assess the damages, or may refer the same to a commissioner or may direct the same to be ascertained, or assessed by a jury."

In *Brown* v. *King,* 39 Mo. 380, it was held that, upon an assessment of damages upon an interlocutory judgment, the defendant has the right to demand that the damages be assessed by a jury, and such ruling seems to be fully supported by the authorities cited.

In the present case the court ordered a jury to assess the damages. The effect of an interlocutory judgment by default is stated by Tidd thus:

" Letting judgment go by default is an admission of the cause of action: and therefore, where the action is founded on a contract, the defendant cannot give in evidence that it was

fraudulent. So, in an action on a promissory note or bill of exchange, the note or bill need not be proved, though it must be produced before the jury, in order to see whether any money appears to have been paid upon it. So, where an action was brought on a policy of assurance on a foreign ship, wherein there was a stipulation that the policy should be deemed sufficient proof of interest, the plaintiff, on the writ of inquiry, was only bound to prove the defendant's subscription to the policy, without giving any evidence of interest. And suffering judgment by default, in an action for use and occupation, amounts to an admission that the defendant occupied a house under the plaintiff, who need not show that it was his own house; and if the defendant insist that he did not occupy the particular house to which the evidence has been directed, but some other, he must prove the fact."

In *Turner* v. *Carter and Pulliam*, 1 Head, 520, it was held that "the legal effect of the interlocutory judgment, which, for the present purpose, may be supposed to have been properly entered, was simply to establish the plaintiffs' naked right to maintain their action, and, consequently, to recover some damages, though they might be merely nominal. But the quantum of damages remained an open one, to be ascertained by proof, and upon this question both parties had an equal right to be heard. The defendant was no further compromitted by the judgment by default, than to preclude him from denying the plaintiffs' right to nominal damages. But, subject to this qualification, he had the right to show, if in his power, that the plaintiffs had no legal claim to damages; and, if successful in the attempt, the plaintiffs would have been entitled to nothing more than merely nominal damages."

In *Town of South Ottawa* v. *Foster*, 20 Ill. 296, BREESE, J., speaking for the court, says: "The right of a defendant on an inquest of damages does not extend so far as to allow him to introduce a substantive defence. He may overthrow, by a cross-examination, what has been testified to by the witness in his direct examination, but he cannot by the wit-

nesses called by the plaintiff, establish a substantive defence. He may also introduce witnesses to reduce the amount of the recovery, and when taken in open court, ask for instructions to the jury, and this is the extent and meaning of the rule laid down in the *Chicago and Rock Island R. R. Co.* v. *Ward*, 16 Ill. 522."

In the above cited case the court overruled the cases of *Morton* v. *Bailey*, 1 Scam. 213, and *Gillet* v. *Stone*, 1 Scam. 539, where it was held, that in case of a judgment by default, the defendant is out of court, cannot introduce evidence, cannot except to testimony, and cannot take a bill of exceptions; but that he may appear at the inquest and cross-examine the plaintiff's witnesses. The reasons given for overruling such decisions were as follows:

" Frequently the amount of damages is the only real question between the parties, and why the defendant should be compelled to deny the cause of action before he can contest the amount of damages, cannot be satisfactorily explained upon principle.

" To call an assessment of damages a trial, when the defendant is permitted only to appear and cross-examine the plaintiff's witnesses, and is allowed no remedies beyond the mere discretion of the court in which the action is pending, is a perversion of language."

The ruling in the above cases was adhered to in the subsequent case of *Herrington* v. *Stevens*, 26 Ill. 298.

It was held in *Saltus* v. *Kipp*, 5 Duer, 646, that the same proceedings may be had under the code, in assessing damages on a default to answer, as were allowed under the old practice of executing a writ of inquiry. A defendant may call witnesses and prove any matter which properly goes to mitigate damages. He may, of course, prove all the facts and circumstances relating to any immediate provocation, which, in judgment of law, tends to mitigate damages.

In *Willson* v. *Willson*, 5 Foster N. H. 229, the court say: " The other question in the case is, whether after a default the defendant may introduce evidence tending to prove an

adjustment or payment of the damages. The default admits the cause of action, and the material and traversable averments. *Bates* v. *Loomis*, 5 Wend. 134. The amount of damages is not admitted. *Brill* v. *Neale*, 1 Chit. 619. Now the very question to be determined is, what damages the plaintiff should recover. It would be singular if, merely because of a default which does not admit any particular sum, the defendant could not show that whatever damages had been sustained by the plaintiff had been adjusted and paid in whole or in part. Our practice is to submit the question of damages to the jury, or to assess the damages upon affidavits laid before the court, at the election of the parties. We see no objection to the reception of competent evidence after a default, upon this point, and the only question made is whether any evidence is admissible after the default. No question is made by the case concerning the admissibility of this evidence, and whether before or after the default makes no difference. It is as competent in the one case as in the other."

In *Welch* v. *Wadsworth*, 30 Conn. 149, the rule is laid down in substance the same as in the foregoing cases.

In *Ellis* v. *The State*, 2 Ind. 262, it was held that in the assessment of damages after an interlocutory judgment by default, the jury could in no event find for the defendant.

The rule as it exists in England will sufficiently appear from the following extract taken from Saunders Pl. & Ev., vol. 2, part 1, p. 218. The learned and very accurate author says: "In executing a writ of inquiry, as the defendant admits that plaintiff has a cause of action, as stated in the declaration, by suffering judgment by default, all the plaintiff has to prove, or the defendant will be allowed to dispute, is the amount of damages. *De Gaillon* v. *L'Aigle*, 1 B. & P. 368; *Stephens* v. *Pell*, 2 Dowl. P. C. 629. The judgment admits something to be due, but leaves the amount open, therefore in an action for work and labor under the common count, though the defendant admits that some work was done at his request, still he may examine plaintiff's witnesses, or perhaps call others, to prove that all the work charged for was not done

at defendant's request. *Williams* v. *Cooper,* 3 Dowl. P. C. 204. And although the defendant is generally precluded from giving proof in denial, he may show facts in extenuation and mitigation. *Blackwell* v. *Green,* Lofft, 82; S. P. Anon., Lofft, 372. In an action on a bill of exchange or promissory note, it need not be proved, although it was formerly considered that it must be produced to satisfy the jury that no money had been paid on it. *Green* v. *Hearne,* 3 T. R. 301; Anon., 3 Wils. 155; and see *Bevis* v. *Lindsell,* 2 Stra. 1149."

We think that, from the foregoing authorities, it should be considered as settled that a judgment by default admits the cause of action and the material and traversable averments, and that something is due the plaintiff, but leaves the amount open to be determined by the proof; that in the assessment of the damages the defendant may appear and demand a trial by a jury; that he may cross-examine the witnesses called by the plaintiff; that he may call other witnesses and prove any matter which properly goes to extenuate or mitigate the damages; that he may prove all the facts and circumstances relating to any immediate provocation, which, in judgment of the law, tends to mitigate damages; that he may require the court to give to the jury proper instructions as to the measure and extent of damages; that he may by himself and counsel argue the question of damages; that he may move for a new trial; that he may reserve by bill of exceptions any question affecting the assessment of damages; but that the right of a defendant in an inquest of damages does not extend so far as to allow him to introduce a substantive defence, but, subject to this qualification, he may show that the plaintiff has no legal claim to any but nominal damages.

The conclusions reached imperatively require a reversal of the judgment.

The judgment is reversed, with costs; and the cause is remanded, for further proceedings in accordance with this opinion.