# S. H. BRIDGES
## v.
## J. STEPHENSON.

1. SETTING ASIDE DEFAULT.—A motion to set aside a default is addressed to the sound discretion of the trial court, and in this case the court is of opinion there was not such an abuse of such discretion as would justify a reversal on that ground.

2. ASSESSMENT OF DAMAGES ON DEFAULT—RIGHT OF DEFENDANT TO INTRODUCE TESTIMONY.—A default admits every material allegation in the declaration, but it does not admit the amount of damages; and a defendant after a default, on an inquest of damages may introduce evidence to reduce the amount of damages, though he may not defeat the cause of action.

APPEAL from the City Court of East St. Louis; the Hon. CHAS. T. WARE, Judge, presiding. Opinion filed April 14, 1882.

Mr. FRANK B. BOWMAN, for appellant; that after default, upon the execution of a writ of inquiry as to damages, a defendant has no right to give evidence to defeat the cause of action, but he may introduce testimony to reduce the damages, cited Cook v. Skelton, 20 Ill. 107; C. & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Binz v. Tyler, 79 Ill. 248 ; Phœnix Ins. Co. v. Perkey, 92 Ill. 164; Davis v. Bradley, 79 Ill. 316; Knebelcamp v. Smith, 3 Bradwell, 243.

Mr. D. W. SADLER, for appellee; that a motion to set aside a default is addressed to the discretion of the trial court, and the decision will not be disturbed unless there has been a gross abuse of such discretion, cited Thielman v. Burg, 73 Ill. 293; Greenleaf v. Roe, 17 Ill. 474; Andrews v. Campbell, 94 Ill. 577; Rich v. Hathaway, 18 Ill. 548; Union H. & L. Co. v. Woodley, 75 Ill. 435; Schroer v. Wessell, 89 Ill. 113; Bowman v. Wood, 41 Ill. 203; P. & R. I. R. R. Co. v. Mitchell, 74 Ill. 394; Edwards v. McKay, 73 Ill. 570.

The reasons in support of the motion to set aside the default did not disclose that there was a meritorious defense to plaintiff's claims : Lamb v. Wilson, 34 Mo. 501; Florez v. Uhrig, 36 Mo. 517; Little v. Allington, 93 Ill. 253; Roberts v. Corby, 86 Ill. 182; Moir v. Hopkins, 21 Ill. 557; Rich v. Hathaway, 18 Ill. 548; Hitchcock v. Herzer, 90 Ill. 543; Mendell v. Kimball, 85 Ill. 582; Constantine v. Wells, 83 Ill. 192.

The decision of the court upon such a motion can not be assigned for error : Bowman v. Wood, 41 Ill. 203; Fergus v. G. C. P. M. & L. Co. 71 Ill. 51.

The court did not err in excluding the testimony offered by appellant in mitigation of damages : Madison Co. v. Smith, 95 Ill, 328; Cook v. Skelton, 20 Ill. 107 ; C. & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; C. & R. I. R. R. Co. v. Ward, 16 Ill. 522.

BAKER, J. Appellant was sued in assumpsit, and made default. His motion to set aside the default was addressed to the sound discretion of the trial court, and we are unable to

Bridges v. Stephenson.

say there was such abuse in the exercise of this discretion, as would justify us in reversing the judgment on that ground. Upon the assessment of damages, appellant introduced witnesses, and offered to prove by them that he had paid to appellee or his agents, all, or a portion of the sum for which the forty-seven hogs had been sold. The court sustained objections to this testimony, and exceptions were taken. While a defendant on an inquest of damages, has no right to give any evidence which would defeat the cause of action, yet he may produce such as tends to reduce the damages. While a default admits every material allegation of the declaration, yet it does not admit the amount of damages. The right to maintain the action and recover at least nominal damages and costs, is established, provided the declaration shows on its face a right of recovery. On the execution of a writ of inquiry, the defendant is precluded from denying the plaintiff's right to these nominal damages, but he has the right to introduce evidence and show the plaintiff has no legal claim to substantial damages. Cook v. Skelton, 20 Ill. 107; C. & St. L. R. R. Co. v. Holbrook, 72 Ib. 419; David v. Bradley, 79 Ib. 316; Madison Co. v. Smith, 95 Ib. 328; see, also, Briggs v. Sneghan, 45 Ind. 14, and authorities there cited.

The refusal of the court below to admit appellant's testimony was error. The judgment is reversed and cause remanded.

Reversed and remanded.

Bridges v. Haire and Bridges v. Wingorden, and Bridges v. Gallop, involve the same questions as those passed on in the foregoing case of Bridges v. Stephenson; the judgments are therefore reversed and the cases remanded.