### GRINNELL *v.* BEBB.

ASSUMPSIT—DEFAULT—ASSESSMENT OF DAMAGES.

On the assessment of damages in *assumpsit* on a contract of sale, after the default of defendant, the *amount* of the damages alone is in issue; the liability of defendant on the contract being fixed by the default.

Error to Wayne; Donovan, J. Submitted January 10, 1901. Decided March 26, 1901.

*Assumpsit* by Ira L. Grinnell and Clayton A. Grinnell, copartners as Grinnell Bros., against John E. Bebb, for goods sold and delivered. From a judgment for defendant, plaintiffs bring error. .Reversed.

*W. L. January* (*Moore & Moore*, of counsel), for appellants.

*William M. Mertz*, for appellee.

HOOKER, J. The plaintiffs are dealers in musical instruments. In March, 1896, they delivered a piano to the defendant, and took from him a writing signed by him, acknowledging the possession of the piano, which he

thereby agreed to purchase on conditions mentioned, as follows, viz.:  To pay therefor $425, in installments stated, at times specified (or sooner, at his option); the piano to remain the property of plaintiffs and subject to their order until fully paid for.  It contained a clause providing that in case of failure to pay, or in case of removal, etc., the right to possession should, at the option of plaintiffs, be forfeited and at once ended.  It contained the further provision that in case of a failure by defendant to perform any of the stipulations of the contract, or if plaintiffs should rightfully take possession of the piano, all payments theretofore made should be forfeited, and if enough should not have been paid to cover an ordinary rental, damages, and expenses, plaintiffs might collect the deficiency, and any judgment for any part of the contract price should not be a waiver of their right to retake the instrument.  It also provided that plaintiffs might replace the piano with another if any rightful fault should be found with it.

Plaintiffs' action is *assumpsit*.  The declaration contains a copy of this contract, and alleges a delivery of the piano, and that defendant found fault with it, and that at his request another was substituted for it, and that the same was accepted as satisfactory by the defendant.  The special count concluded with the averment that the defendant had not performed his promises as contained in the writing, and alleged damage to the plaintiffs.  No plea was filed.  A demurrer to this special count was overruled, with leave to plead upon payment of $10 costs.  The defendant declined to pay the costs or plead, and, his default being entered, the case came up for assessment of damages before a jury.

Upon the assessment the defendant was allowed to introduce testimony in support of the claim that an arrangement was made between the parties whereby the plaintiffs accepted the piano back without claim of further payment, upon defendant's promise to "help them out" if he knew of any one to whom it could be sold.  This

was upon the theory that it affected the question of dam-
ages, which counsel insists to have been an open question,
upon which defendant was entitled to offer proof.    Coun-
sel for the plaintiffs contend that the default established
their right to recover, and that the damage should have
been assessed according to the terms of the instrument,
and that it was not.    They also urge that the testimony
offered by defendant did not sustain his claim.   The court
instructed the jury that, unless they found that the piano
was surrendered and accepted by the plaintiffs, the latter
were entitled to a verdict for all the damages that they
had suffered, but, if they believed Mr. Bebb, their verdict
would be, "No cause of action;" that, if they should find
that the plaintiffs were entitled to recover damages over
the $25 paid by Bebb when the piano was delivered, they
could recover only such damages as they had honestly
suffered by reason of Bebb's refusal to take the piano and
pay the agreed price.    The jury rendered a verdict of no
cause of action.

The defendant has a right to appear and contest the
amount of damages, but the default fixes his liability on
the cause of action alleged, and admits that something
is due the plaintiff.    *Clark* v. *Compton*, 15 Tex. 32;
*Thompson* v. *Haislip*, 14 Ark. 220; *Banks* v. *Manu-
facturing Co.*, 108 N. C. 282 (12 S. E. 741); *Memphis,
etc., R. Co.* v. *Dowd*, 56 Tenn. 179; *O'Flynn* v. *Holmes*,
8 Mich. 97; *Bridges* v. *Stephenson*, 10 Ill. App. 369;
*Froust* v. *Bruton*, 15 Mo. 619; *Garrard* v. *Dollar*, 49
N. C. 175 (67 Am. Dec. 271); *Lee* v. *Knapp*, 90 N. C.
171.    The defendant had the right to contest the amount
of damages and to call witnesses for the purpose, but the
burden of proof was upon the plaintiffs to establish their
claim to more than nominal damages.    *Anthony* v.
*Estes*, 101 N. C. 541 (8 S. E. 347); *Parker* v. *House*,
66 N. C. 374.    In Green's Practice (page 464) it is said
that:

"All that the plaintiff is called upon to prove, or that
the defendant is permitted to controvert, is the *amount* of

damages (1 Bos. & P. 365); the cause of action being impliedly admitted by the default (1 Strange, 612; Doug. 315). * * * The plaintiff is entitled to nominal damages, at least, whether he produces any evidence or not. *Jackson* v. *Rathbone*, 3 Cow. 296. And an inquest which finds for the defendant will be set aside for that cause alone. 2 Bag. 466."

A verdict cannot be rendered for the defendant in such a case. *Shepard* v. *New Haven & Northampton Co.*, 45 Conn. 54; *Parker* v. *Roberts*, 63 N. H. 434; *Rogers* v. *Moore*, 86 N. C. 85; *Turner* v. *Carter*, 1 Head, 520; *Sheldon* v. *Sheldon*, 37 Vt. 152; *Cooper* v. *Roche*, 36 Md. 563; *Memphis, etc., R. Co.* v. *Dowd*, 56 Tenn. 179; *Ellis* v. *State*, 2 Ind. 262; *Allen* v. *Lioteau*, 9 Mart. (La.) 459; *Reigne* v. *Dewees*, 2 Bay, (S. C.) 405.

The court was in error in instructing the jury that, if they believed Mr. Bebb, their verdict should be no cause of action. The testimony offered by the defense was such as, under a proper plea, would have gone to the whole claim of the plaintiffs. It was, in effect, a claim that he had been released from the contract, and that claim was inconsistent with his admission that plaintiffs had a cause of action upon the contract. He should not have been allowed to introduce testimony for the purpose of denying the allegations of the declaration, but should have been restricted to proof upon the subject of the amount of damages suffered through his admitted breach of contract. The subject is tersely treated by Judge Black in his work on Judgments (section 91), where authorities in support of the text are cited. He says:

"A default admits the cause of action and the material and traversable averments of the declaration, although not the amount of damages; and upon the proceeding for their assessment the amount of damages is all that the plaintiff is required to prove, or the defendant is permitted to controvert. The former must produce whatever evidence is necessary to fix the amount of his claim with precision. Thus a judgment by default in *assumpsit*, where an account is filed in the declaration, is an admission of indebtedness for the articles charged; but the

value of the articles and the amount of the items require to be proved. As for the defendant, he may offer any evidence which is confined to the question of damages solely, or which goes in mitigation or reduction of damages; but evidence tending to deny the cause of action, or to show that a right of action does not exist, or to avoid the alleged contract, is irrelevant and inadmissible."

There are many assignments of error, but we think it unnecessary to discuss them. What has been said should sufficiently indicate the course to be pursued upon a future assessment of damages. It is only necessary to determine the amount of damages suffered by the plaintiffs through the defendant's breach of his contract; and this depends somewhat upon the circumstances under which the plaintiffs received the property, as they would be less if the property were taken under the forfeiture clause than they would be if taken under an arrangement to store the piano for the defendant.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.