Sedgwick, J.,
delivered the opinion of the Court.
The general question in this case is, whether the action can be supported.
Considerable alteration has been made in the common law by our statutes, as well in substance as in form, in the commencement of an original suit, and in compelling the appearance of the defendant. Goods may be attached on the original process, and kept in the custody of the officer, to respond the judgment. When attached, it is the duty of the officer to keep them in his custody until final judgment is rendered, and in case that judgment shall be in favor of the plaintiff, until thirty days after, which refers to the last day t>f the term. If not seized on execution within that time, then, and not till then, the attachment is dissolved.
The policy of our law, as between creditor and debtor, is, as long as the debtor lives, to give a preference to the most cautious and vigilant creditor. But when the debtor dies, the principle of equality prevails. If he does not leave estate enough to pay all his debts, the creditors all fare alike, and are to be satisfied in proportion,_ whatever may be the nature or degree of their debts.
To effectuate the former principle — to favor the vigilant and cautious creditor — this system of attachment by an original process has been adopted; and it is provided by the statute of 1784, c. 28, §11, that “ all goods and estate, attached upon mesne process, for the security of the debt or damages sued for, shall lie held for the *191 space of thirty days after final judgment to be taken in execution.” By an attachment, a plaintiff has a lien upon the subject of it provisionally, that is, to the amount of the judgment he * may finally recover; and in so much is the absolute property of the defendant diminished.
This right of the attaching creditor is secured by the recited provision of the statute, without any qualification. As the benefit, intended to be secured by it, is without exception, it may be claimed by all, unless there be some opposing provision, by which it is restrained. The provision of the statute of 1784, c. 2, *§, 1,- which was cited in the argument, was intended to have this operation. It is therein enacted, that “ when the estate of any person deceased shall be insolvent or insufficient to pay all just debts, which the deceased owed, the same shall be distributed to and among all the creditors, in proportion to the sums respectively due and owing, saving,” &c. Here it was said, that as the estate — meaning all the estate of the deceased insolvent—shall be proportionally distributed, a necessary consequence is, that all attachments must be dissolved by his death.
But to me it seems this consequence does not follow; because the “estate” of a deceased person, in property attached, does not include any thing but the surplus, above what is sufficient to satisfy the attaching creditor. Nor is the hardship on the other creditors greater in the case of a deceased insolvent, than in that of a living one. It only renders consistent, and more general, the principle by which the vigilance of creditors is rewarded. (a)
On the other hand, take the case before us, what is the officer to do ? A judgment is rendered, an execution regularly issues, and is put into the hands of the officer, who has in his custody property which he has attached. The estate has not been represented insolvent, nor is it known, either to him or the creditor, whether it be so or not. There is no administrator, to whom the property can be delivered ; no payment made of the charge and expense of keeping the goods; nor any person in being, with whom any adjustment can be made. In the case under consideration, there is no evidence that it was known, either to the creditor or * the officer, even that the judgment debtor was dead.—
What shall the officer do ? There being no one, to whom he can deliver the goods, is he bound to keep them ? — and how long ? — What remedy has he for his expense? Is the attaching creditor to *192 indemnify the officer ? That would be inconsistent with the benefit intended to be secured to him. Is the officer to abandon the goods ? There is no one in a capacity to receive them. There are, in fact, so many difficulties, which must inevitably ensue from the establishment of the principle contended for, that I am satisfied it cannot be well grounded.
I think that much information, on the question before us, may be obtained by a consideration of the provisions of the statute of 1783, c. 59. That act, indeed, only includes cases where the cause of action by law survives, and one of the parties dies pending the suit, and the executor or administrator of the deceased party comes in, and judgment is rendered afterwards. It provides, by the second section, “ that when any goods or estate are attached upon any writ or process, which shall be pending as aforesaid, the same shall not be released or discharged by the death of either party; but be held good to respond the judgment to be given on such suit or process, in the same manner as by" law they would have been, if such deceased person had been living.” Here, then, is an express provision to secure the preference, which our law has given to an attaching creditor. But I think the same preference would be sufficiently secured, independently of this provision; for when it is expressly declared that goods attached shall be holden until thirty days after final judgment, they ought to be so holden in all cases, unless expressly excepted, or excepted by necessary implication. The case before us is not expressly excepted, nor is it excepted by any necessary implication, nor indeed by any implication, which, to my mind, appears plausible.
It is true that there is a proviso to the recited section of the statute, in these words: “ Provided always, that * where any estate, attached as aforesaid, shall, by the executor or executors, or administrator or administrators, of the same, be represented as insolvent, and a commission of insolvency shall thereupon issue,— in all such cases, attachments made as aforesaid shall have no force or efficacy after the death of the original defendant or defendants in the action.” This proviso does not touch such a case as the one under consideration; because, during the thirty days, while the goods were holden, there was no representation or commission of insolvency ; and the enacting clause is therefore left to operate. The goods attached are. not to be released.
As this proviso breaks in upon a system which has, at all times, been regarded with great favor by the legislature, — as it has prescribed no mode, by which notice shall be given to the creditor and officer, or either of them, that the estate has been represented as *193 insolvent, and a commission of insolvency issued upon it, nor any means of adjusting or paying the expense, which the officer has incurred in keeping the goods, — it seems to me that it should receive a strict construction. It will then include only cases where there has been a representation of insolvency, and a commission actually issued. Indeed, any other construction would be, not only embarrassing and mischievous, but absurd.
The act provides, in the cases which it contemplates, in substance, that the goods attached shall not be “ released or discharged,” but shall be “ held ” to respond the judgment; just as they would be if the original defendant were alive, in all cases, except where there has been a representation of insolvency, and a commission issued upon it. An officer, having goods so attached, has an execution delivered to him. To know his duty, he looks into the law, and then, upon inquiry, he learns that there has been no commission nor representation of insolvency. What is he to do? To proceed as if the original defendant were living; that is, to sell the goods. And what would be the effect, if * he should neglect to do it, and there never should *be any representation of insolvency ? The goods must be abandoned; and if, as in this case, there was neither executor nor administrator, there would be no one to receive them, and no satisfaction to be made for the costs and expenses of the officer.
It is certain, then, in the cases contemplated by this act, that the rights of attaching creditors are preserved, unless there be a representation and commission of insolvency; and the only reason why those rights should exist, in cases under the circumstances of that before us, is equally strong. They are included in the provision that goods attached shall be holden until thirty days after final judgment; and to that provision there is no express, implied, or reasonable exception.
Leaving out of consideration any statute provision, the execution in this case issued regularly in the lifetime of the judgment debtor; and it did not abate by his death. Nothing can be more clearly settled than the principle, that if a defendant die after execution sued, and before service, it is the duty of the sheriff to proceed to execute the writ; because the debtor’s property in goods was bound absolutely by the teste, before the statute of 23 Car. 2, c. 3, § 16, and ever since that time, except so far as the rights of strangers are involved. (1) And, undoubtedly, goods here are as much bound *194 by an attachment, during the time they are holden, as goods in England are by and from the teste of the writ.
Memorandum. — This was the last term of the full Court at which his honor Judge Sedgwick was present. His health, which had been some time declining, was now too much impaired to permit him to continue on the circuit. He was afterwards able to journey from his seat in Stockbridge to Boston, where it was his intention to hold the November term for the county of Suffolk; but, after presiding in Court a few days, his indisposition so far increased as to compel him to retire from the bench; and after a painful con *195 finement of six or seven weeks to his chamber, he expired on Sunday evening, the 24th of January, 1813, aged 67 years. His remains were entombed on the succeeding Wednesday, with exhibitions of the universal respect due to the memory of a man, who, through a long and active life, had devoted his eminent talents, with undeviat ng fidelity, and unabated ardor, to the service of his country.
*194 Upon the whole, I can perceive nothing to excite a doubt in my mind, that the provision of the statute of 1784, by which goods attached on mesne process are to be holden thirty days after judgment, for the purpose of being taken in execution, ought to govern in this case. I am very much disposed to regard punctiliously the express declarations of the legislature ; and not, by exceptions which are not declared, and by provisions never thought of, form systems which my judgment induces me to believe more perfect. *Had it been the intention of the legislature, that by the death of a defendant, attachments should be dissolved, it would hardly have failed to have been expressed ; because, if that was the case, it would induce the necessity of ulterior provisions, as well to determine what should be the disposition of the goods attached, as the means of securing the plaintiff as to the expense of keeping them.
The Court do not undertake to determine, were the merits otherwise, that the plaintiff could recover in this form of action. But, upon a full consideration of the merits of the case, we are all of opinion that be is not entitled to judgment, (a)

Plaintiff nonsuit.

 [It has been held in the Circuit Court of the United States, for 'he first circuit and district of Massachusetts, by Mr. Justice Story, that the declared bankruptcy of the defendant dissolved an attachment of goods. (In the matter of Foster, May Term, 1842.) But it is understood that it has been held otherwise in some of the c ircuits, and this seems to be the true interpretation of the law. — Ed.]

 Bac. Abr. Execution, C. Cro. Eliz. 181. — Dyer, 76. — 1 Mod. 188.—L. Raym 695. — 1 Salk. 50, S. C. — 7 D. & E. 21, in notis. — L Raym. 850, 1072. — Comb. 33 — 2 Vent. 218. - Salk. 322. — 6 Mod. 290 -13 Mod. 34.

 [Rockwood vs. Allen, Exr., 7 Mass. Rep. 254,— Patterson vs. Patten, 15 Mass Rep. 473. — Jewett vs. Smith, 12 Mass. Rep. 309 —By arecent statute, all attachments of personal property are dissolved by death, and granting of letters testamentary or of administration. — St. 3822, c. 93, § 6.—And now, by the Revised Statutes, it is provided that, 61 when any real estate, goods, chattels, or effects, are attached^ and the debtor dies before they are taken or seized on execution, the attachment shall be dissolved ; provided administration of the estate of the deceased shall be granted in this state within one year after his decease ; or that application for such administration shall be made within the said year, and that administration shall be afterwards granted upon such application ; and if no such administration shall be granted, the property attached shall continue bound by the attachment in like manner as if the debtor were still living.”- Rev. Stat. c. 90, § 105. — Ed.]