Parker, C. J.
The judgment debtor ceased to have any property in the at property may in abeyance until administration is granted, and is then vested in the administrator, by relation, from the time of the death.
By the common law, the goods of a judgment debtor were bound by the award of execution ; so that the sheriff might proceed upon a fieri facias, although the debtor had died after the award of execution. Now, by Stat. 29 Car. 2, c. 3, in England, goods are bound only from the delivery of the fieri facias to the sheriff.†
By our laws, there is no lien upon the goods of the debtor by the judgment, the award of execution, or the delivery of it to the sheriff. An attachment upon mesne process alone constitutes a lien ; and that lien is lost, unless the execution be delivered to the sheriff within thirty days after judgment.‡
In the case at bar, there was no attachment. Judgment was obtained, and execution awarded and delivered to the sheriff, before the death of the debtor. All this constitutes no lien. The question, then, is, whether the sheriff, having an execution which he has not begun to execute, can seize goods which had belonged to a deceased *272 judgment debtor. And we are clear that he cannot. [ *311] The debtor has * ceased to have property in the goods; and the precept is, to take the goods and estate of the debtor. The inconvenience to the sheriff, arising from a supposed ignorance of the death of the party, will seldom occur ; and he may always guard against it, in doubtful cases, by requiring an indemnity To admit this defence would be to defeat the object of the statute for the distribution of insolvent estates, which is an equal distribution of the estate of the deceased among all his creditors.
According to the agreement of the parties, the defendant must be called, and judgment be entered for the plaintiff for one cent damage with costs.†

Defendant defaulted.
(1)

 Vide 1 B. & P. 571. —6 D. & E. 368.-2 Ld. R. 849.-7 D. & E 20. —4 Taunt. 702 — 1 D. & E. 637. — 2 Show. 494. — Archb. C. P. 242.

 By the statute of 1822, c. 93, § 6, it is provided, that all attachments of personal property sb ill be dissolved by the death of the defendant before the levy of execution, in case letters testamentary, or letters of admi' istrition, shall be granted on the estate

 Vide Weeks vs. Gibbs, 9 Mass. Sep. 74.— Clark vs. May, 11 Mass. Rep. 233.— Grosvenor, Adm'r, vs. Gold, 9 Mass. Rep. 209. — Rockwood vs. Allen, 7 Mass. Rep. 294. — Patterson vs. Patten, 15 Mass. Rep. 473.

 Bull. N. P. 91 — 1 D & E. 729. — 1 Dyer, 76. — Cro. Eliz. 181.