MASON and WALKER *vs.* ALDRICH PETERS.

A partial payment of a debt due is no consideration for a promise to wait for the residue another year.

If there were a good consideration for such a promise and the promise were binding, in order to bar an action of ejectment on a mortgage, it ought to be pleaded as a lease for a year.

Such promise, made on good consideration, might be the ground of an action to recover damages for the breach of it; but for nothing more.

This was an action of *ejectment* for 49 acres of land in Colchester, in the county of Chittenden. The defendant interposed the following plea in bar, to wit :

" And now the defendant in court, by his attornies, defends the wrong and injury when, &c., and says, that the plaintiffs from having and maintaining their said action thereof against him, at the time said action was commenced, ought to be precluded, because he says, that the plaintiffs' claim to the premises, described in their said declaration, is founded upon a mortgage deed, executed by the defendant to the plaintiffs, to secure the payment of a certain promissory note, given by the defendant to the plaintiffs, dated June 2d, 1828, and payable one day after date ; which is described in the conditions of said mortgage for the sum of $120,88. And afterwards to wit, on the first day of October, 1829, it was agreed between the plaintiffs and defendant, that, if the defendant should then pay to the plaintiffs upon said note, the sum of twenty-five dollars, they, the plaintiffs, would postpone the time for the payment of the remainder of said note one year from said first day of October, 1829. And the defendant avers, that he did then and there pay to the plaintiffs said sum of twenty-five dollars, and the plaintiffs did thereupon, and in consideration of said payment, promise not to call on the defendant for the balance of said note, but would postpone the time of payment of the remainder, for said term of one year, and would not prosecute the defendant for the possession of said mortgaged premises previous to that time ; and this he is ready to verify : wherefore the defendant prays judgement if the plaintiffs ought, prior to the first day of October, A. D. 1830, to have or maintain their aforesaid action against him the defendant."

To this plea there was a *general demurrer* and *joinder* in demurrer.

*A. G. Whittemore, for the plaintiffs.*—We have two objections to this plea :

1. Because no sufficient consideration is stated for the promise to postpone the collection of the debt, even if the action were upon the note. This note being originally payable in money, and due long before the payment was made, and before the promise

CHITTENDEN,
December,
1831.

Mason et al.
vs.
Peters.

is said to have been made, the payment could not constitute a good consideration for the promise to wait for the remainder. With respect to the consideration, there is no difference between a contract to extend the time of payment, or alter the manner of payment, and an agreement to discharge the remainder of a debt upon payment of a part only. Both are equally contracts varying the original agreement in important points, and alike prejudicial to the creditor ; and, upon principle, something new should intervene, by which the plaintiff gains some advantage, or the defendant suffers some loss or injury, as a reason or motive for postponing the payment of a just debt due in money long before.— *Chit. on contracts*, 286–7 ; *Heathcote* vs. *Crookshanks*, 2 *T. R.* 24 ; *Fitch* vs. *Sutton*, 5 *East*, 230–1 ; *Pinnel's case*, 5 *Co.* 117, (*abridg.* 182 ;) *Adams* vs. *Tapling*, 4 *Mod.* 88 ; *Co. Lit.* 212. The reason of these cases applies to the case under consideration, where the defendant seeks to enforce a contract to extend the time of payment of a debt, payable immediately in cash, founded upon a consideration every part of which is prejudicial to the plaintiffs.

It is evident this payment cannot be called injurious to the defendant, or extra beneficial to the plaintiffs. It ought to have been made shortly after the date of the note ; but the plaintiffs, glad to get any thing, received cattle and endorsed the full value of them on the note, instead of cash. I am at a loss to divine what extraordinary meritorious considerations can enter into the part payment of a just cash debt, when that payment is made in cattle, instead of cash, as the parties orignally contracted. If there is any thing between these parties, which entitles this attempt to defeat the plaintiff's of their remedy to special favor, it is not disclosed in this plea.—*Bates* vs. *Starr*, 2 *Vt. Rep.* 536.

2. As this action is founded upon a technical *deed* of lands, this plea is no bar to a recovery of the possession. Where a statute or peremptory rule of law has made an instrument the exclusive criterion of truth, a contemporaneous, or subsequent, parol agreement cannot be admitted to enlarge, alter, extend, or contradict the terms of such instrument.—3 *Stark. Ev.* 997. The same principle applies, where private parties have, by mutual compact, constituted a written document the witness of their admissions and intentions.—*Ib.* 998. If the contract is by *deed*, which imports a *sealed* instrument, no evidence, whether oral or written, which is not under *seal*, can be admitted to contradict or vary it.—*Ib.* 1002 ; also, *note s. and t. ; Leslie* vs. *De La Torre,* cited in

12 *East*, 583. Where a ship was chartered by *deed* to wait for convoy at Portsmouth, it was holden, that evidence could not be admitted of a subsequent parol agreement to substitute *Corrunna* for Portsmouth. See the same principle illustrated in *Mildmaye's case*, 1 *Co.* 176, (*abridg*. 12 ;) *Bedel's case*, 7 *Co.* 39, (*abridg*. 225 ;) *Colman* vs. *Packard*, 16 *Mass.* 39, where parol evidence to prove a contract, that the mortgagor should remain in possession, was excluded.

CHITTENDEN, *December*, 1831.

Mason et al. *vs.* Peters.

We are willing to rest the cause here ; but might add, if necessary, that this plea amounts merely to the general issue.

*Hoxsie and Allen, for the defendant.*—1. The defendant contends, this matter in bar ought to be pleaded and not given in evidence ; because it is in the nature of a plea in abatement ; and, in all pleas in abatement, the matter in abatement ought to be specially stated. It is in the discretion of the court to allow a special plea, amounting to the general issue, if it involve such matter as might be proper for the decision of a jury.—*Stephens on pleading, p.* 463 ; 4 *Bac. ab.* 60, (*Pleas, G.* 3 ;) 3 *Mod. Rep.* 166 ; *Carr* vs. *Hinckliff*, 4 *Barn. & Cres.* 547; (10 *C. L. R.* 408 ;) also, 5 *Com. Dig.* 76. Though a man plead a thing which may be given in evidence, yet in some cases this shall not amount to the general issue.—4 *Bac. ab.* 64, (*Pleas, G.* 3 ;) *Skin.* 362, *per Ld. Holt* ; (2 *Saund. on plead.* 272.) Where a special plea amounts to the general issue, it is a defect in form merely, and can be taken advantage of upon special demurrer only.—*Archbold's pleadings, p.* 196 ; 5 *Com. Dig.* 76 ; *Ib.* 77.

2. Defendant contends, that the agreement to extend the time of payment is, in a moral and legal point of view, binding. " A promise in forbearance of a suit is good."—1 *Com. Dig.* 138 ; *Chitty on contracts*, 9. A subsequent parol agreement, not contradicting the terms of the original contract, but merely in continuance thereof, and in dispensation of the performance of its terms, is good.—*Chit. on con.* 27 ; (1 *Maule & Selwin*, 21.) " There may be cases of a secondary contract, executed on the part of the debtor binding.—*Bates* vs. *Starr*, 2 *Vt. Rep.* 539. Where the debt was ascertained, and a fund provided for its payment, it is a good plea.—*Heathcote* vs. *Crookshanks*, 2 *T. Rep.* 27.

*The opinion of the Court was pronounced by*

HUTCHINSON, C. J.—This is an action of *ejectment*, to which the defendant has pleaded in bar, that the plaintiff's title is by vir-

CHITTENDEN,
December,
1831.

Mason et al.
vs.
Peters.

tue of a certain mortgage deed, given to secure the payment of a certain note therein described : and that, after this note had become payable, the plaintiff received a part payment, and agreed, in consideration thereof, to wait another year for the remainder ; and that this year had not expired, when the action was commenced. To this plea the plaintiff has demurred.

We consider the promise, set up in this plea, to be not obligatory upon the plaintiff. The law requires, that the consideration of a promise should be something, which is a benefit to the promissor, or an injury to the promissee. In this case, the defendant, after his debt was matured, and ought all to have been paid by him, paid a part of it, twenty five dollars, which he now claims as a consideration for the promise to wait another year for the residue. This, in a legal sense, is neither a benefit to the plaintiffs nor an injury to the defendant ; who ought to have done all this, and more too, without any promise from the plaintiff. Again, if there were a good and valuable consideration for the promise, it would be no bar to the present action, as here pleaded. It might be the foundation for an action of assumpsit to recover the actual damage for the breach of the contract, and nothing more. A covenant never to sue creates a bar ; but a covenant not to sue for a given time is no bar ; it is only a ground for the recovery of damages. This principle is applied in the books to all actions, real and personal. It applies with stronger force to our action of ejectment. Our statutes require, that the title to lands should appear of record. They also render a recovery in an action of ejectment, conclusive with regard to title, between the parties to the suit, and those claiming under the parties. Under such circumstances, it would be going too far, to admit a parol agreement, postponing the payment of the mortgage money, to postpone also the right of action for the mortgaged premises.

If any thing could be made of the facts here presented, it must be done by treating them as amounting to a lease of the premises for a year. If the facts are pleaded at all, they should be pleaded according to their operation in law. This plea is rather declaring upon the evidence. The plaintiff could not maintain ejectment for the premises, during a period in whiuh they had leased the premises, even by parol lease ; for such lease would give a right to the possession ; and the plaintiff could not treat such possession as a trespass. And, further, a parol lease for a year is not required, by statute, to be in writing. Whether the facts, on which the defendant relies, would support the allegation

of a lease for a year, we do not, we need not, decide ; but unless they amount to that, they make no defence at all.

The plea in bar is insufficient, and judgement is rendered, that the plaintiff recover.