Miller *v.* Williams and Bucklin, Trustee.

---

EBENEZER MILLER *v.* DAVID WILLIAMS AND CALVIN BUCKLIN, *Trustee, Appellant.*

*Effect of the death of the defendant upon a pending suit. Trustee process. Execution. Costs.*

An action of assumpsit pending at the time of the death of the defendant, is not abated or discontinued thereby until after the appointment of commissioners by the probate court, to receive, examine and adjust claims against the deceased.

In a suit brought by the trustee process, the death of the principal defendant, after final judgment has been rendered against him, and while the suit is still pending, as to the trustee, will not, *as matter of law*, entitle the trustee to be discharged.

If a plaintiff obtain final judgment against his debtor during the life time of the latter, his lien by attachment is preserved, though the debtor die before the taking out or levy of the execution upon the property attached. ALDIS, J.

A trustee in a suit brought by the trustee process before a justice of the peace is not entitled to tax costs for counsel fees before the justice.

ASSUMPSIT, originally brought before a justice of the peace and appealed by the trustee to the county court. The appeal was entered in the county court at the September Term, 1855, at which term, the judgment of the justice against the principal defendant was affirmed, and a disclosure was filed by the trustee denying his liability, and a commissioner was appointed. The principal defend-

ant lived near the trustee from the time of trial before the justice until his death, which occurred in October or November, 1855. At the April Term, 1857, the trustee filed his motion to dismiss by reason of the defendant's death. The county court,—UNDERWOOD, J., presiding,—sustained the motion and dismissed the trustee with costs, to which the plaintiff excepted.

It appeared that the death of the defendant was known to the plaintiff's counsel previous to the April Term, 1856, but the trustee did not communicate the fact to his counsel until the April Term, 1857.

The trustee taxed his costs as follows :

| | | | |
|---|---|---|---:|
| Costs allowed by the Justice, | | | $ 7.34 |
| 1855. | September Term. Term fee and travel, | | 3.00 |
| | Disclosure, | | 50 |
| 1856. | April Term. Term fee and travel, | | 3.00 |
| | September Term. " " | | 3.00 |
| 1857. | April Term. " " | | 3.00 |
| Attorney fee, | | | 3.00 |
| Court and Clerk, | | | 1.55 |
| | | | $24.39 |

It appeared that five dollars of the costs allowed by the justice were for counsel fees at the justice trial. The trustee employed one Plumb to assist him at that trial. Plumb was not an attorney at law, but, if counsel fees were allowable at all, five dollars were conceded to be a reasonable allowance. The plaintiff objected to the allowance of this item, and also to the allowance of any costs to the trustee after the September Term, 1855, upon the ground that the trustee should have interposed his motion to dismiss at the term immediately following the defendant's death. But the court allowed the trustee's costs as above taxed, to which the plaintiff excepted.

*Charles N. Davenport,* for the plaintiff.

*Bradley & Kellogg,* for the trustee.

The opinion of the court was delivered by

ALDIS, J. At the September Term, 1855, of the county court, final judgment was rendered in this case against the principal

defendant. At the same term the trustee filed his disclosure deny-
ing his liability, and a commissioner was appointed. After these
proceedings the principal defendant died. The trustee, at a subse-
quent term, filed a motion to dismiss, by *reason of the defendant's
death,* and the court sustained the motion, and dismissed the trustee
with costs.

We understand, from the bill of exceptions, that this act of the
court in dismissing the trustee was not done in the exercise of their
*discretionary* power merely, and upon the ground of delay or neg-
ligence on the part of the plaintiff; but that it was put upon the
ground that the death of the principal defendant entitled the trus-
tee to have the motion granted *as matter of law.* This ruling of
the court we deem erroneous.

1. It does not appear from the bill of exceptions, that commis-
sioners had been appointed upon the estate of the deceased. A
fact so material to the decision of the motion, if existing, ought to
have been proved and stated in the bill. We do not feel at lib-
erty to supply the fact (if it exist,) by intendment. The sixteenth
and seventeenth sections of chapter 52 Compiled Statutes, provides
that when commissioners shall be appointed, no action (except cer-
tain ones named,) shall be prosecuted against the executor or
administrator, and all actions commenced against the deceased, and
*pending at the time* the commissioner shall be appointed, shall be
discontinued. It is obvious from this statute that it is not the death
of the party, but the appointment of commissioners, as a *special
tribunal* for the trial of all claims against the estate of the deceased
that ousts the county court of its jurisdiction and works a discon-
tinuance. In confirmation of this view the fifty-fifth section of the
same chapter provides, that if the appointment of commissioners
be omitted, "an action commenced against the deceased before his
death may be prosecuted to final judgment, and a claimant having
a lien on the real or personal estate of the deceased, by attach-
ment, prior to his death, may, on obtaining judgment, have execu-
tion against such real or personal estate."

The reasonableness of this construction is obvious: that the
jurisdiction of a litigated claim being once properly acquired by
the court, it shall not be lost till some other tribunal exists for the
trial of the question.

2. Although this view is sufficient for reversing the judgment, yet, as another point has been made and fully argued, and may hereafter arise in the case, we deem it proper to decide it now. It is the question, whether *after final judgment* against the principal defendant, he dying, *the trustee* is entitled, as matter of law, to have the case dismissed, when commissioners may have been appointed.

As between the plaintiff and the principal defendant or his estate, the final judgment of the county court is conclusive. Nothing more is to be done as to the litigation of that claim. The claim against the trustee is wholly collateral and distinct from the claim against the principal defendant. It is a litigation between the plaintiff and the trustee. Its pendency does not prevent the administrator of the deceased from suing the trustee; the decision of it does not conclude the estate. Indeed, after final judgment against the principal defendant, although the suit may in some sense be said to be pending against him (as is remarked in the opinion of the court in *Jones* v. *Spear and trustee*, 21 Vt. 431), yet it is only pending for the purpose of perfecting and enforcing the lien against the trustee. The effect of dismissing the suit on this motion would not be to vacate or impair the judgment already obtained against the principal defendant. It would only be to release the lien which this plaintiff would otherwise have upon the debt due from the trustee. Thus to release the lien would not be consistent with the doctrine of our laws as to the lien by attachment of real and personal property. Where a plaintiff obtains final judgment against his debtor, his lien, by attachment is preserved, though the debtor die before the taking out or levy of the execution upon the property attached. The right of the creditor to the enforcement of his lien becomes pefect upon the rendition of final judgment. So here, by analogy, we feel bound to hold that the lien upon the trustee (if any exist,) becomes perfect by the rendering of final judgment against the principal defendant. The subsequent proceedings in the county court are and can be only for the purpose of enforcing and protecting it.

As to costs, the county court always has it in its power to make such orders as will protect the principal defendant from suffering from the litigation between the trustee and the plaintiff.

Of the taxation of costs in this case we think the allowance of the five dollars for counsel fees before the justice was improper. The other sums allowed are such as come under the denomination of counsel fees, as mentioned in the statute, and were properly taxable in the discretion of the county court. The exercise of their discretion in allowing costs, when legally taxable, we do not here revise.

The judgment of the county court, in dismissing the suit as to the trustee, is reversed, and the case remanded to the county court.