## WAITT *v.* THOMPSON.

An attachment of property on mesne process is not dissolved by the death of the debtor after judgment and before sale of such property.

And where the property was receipted for, if demand be made on the receiptor within thirty days after judgment, he will be held for the property, even though the debtor died before such demand, if the death was after judgment.

Whether if the estate were decreed to be administered as insolvent, after the death of the debtor, and before such sale or demand, it would alter the case, *quære?*

If a receiptor for property attached allow it to go back into or to remain in the hands of the debtor, and he sell it, the receiptor will be liable. Having entrusted the property to the debtor, he will be responsible to the sheriff for the debtor's acts.

TROVER, for the property embraced in the annexed receipt.

Said property was attached by the plaintiff, as deputy sheriff, in September, 1860, upon a writ in favor of Jonathan Brown against Joseph C. Thompson, and receipted for by the defendants. The suit, *Brown* v. *Thompson*, was entered at the February term of the supreme court for this county. Judgment was rendered therein March 5, 1861, and execution was issued March 14, 1861.

Joseph C. Thompson died March 12, 1861, and his estate was decreed insolvent by the court of probate, at the July term, 1861.

The execution in the suit, *Brown* v. *Thompson*, was placed in the hands of the plaintiff, who, March 20, 1861, demanded the property attached of the defendants. All the property attached remained in the possession of Joseph C. Thompson, at the time of his death, except the oats and wool, and one of the young cattle, which said Thompson sold; and none of said property ever came into possession of the receiptors.

The receipt was as follows:

"September 7, 1860.

Received of A. Waitt, deputy sheriff of the county of Merrimack, for safe-keeping, the goods and chattels following, attached by him as the property of Joseph C. Thompson, in an action in favor of Jonathan Brown, returnable to the Supreme Judicial Court for said county, February term, 1861: to wit.,

| | |
|---|---:|
| Two horses, of the value of | $150.00 |
| 100 sheep, of the value of | 125.00 |
| Two cows, of the value of | 20.00 |
| Three two years olds, of the value of | 30.00 |
| 250 bushels of oats, of the value of | 100.00 |
| 300 lbs. wool, of the value of | 150.00 |
| | $575.00 |

All of the value of five hundred and seventy-five dollars. And I hereby agree to deliver the same to said A. Waitt, or order, upon demand, in good order and condition as the same are now in, free from all charge and expense to said A. Waitt—or the above value in money.

GEORGE W. THOMPSON,
H. S. CLAY."

" I hereby acknowledge that the goods and chattels mentioned in the within receipt were this day demanded of me by said A. Waitt, and that the same were not delivered to him.

H. S. CLAY,

"March 20, 1861."                    GEORGE W. THOMPSON."

The questions of law arising upon the case were reserved, and assigned to the law term.

*J. M. Shirley,* for the plaintiff.

*George, Foster & Sanborn,* for the defendant.
Section 33 of chapter 195, Compiled Statutes, provides that attachments shall be dissolved by the death of the defendant, if his estate shall be decreed insolvent. The case of *Bowman* v. *Stark,* 6 N. H. 461, was decided before this statute, which was passed upon the revision of the statutes in 1842.

SARGENT, J.    Under the old statute of 1822 (Laws 1830, 364), it is provided that all demands against an insolvent estate, exhibited to the commissioners and rejected by them, and not prosecuted to judgment in the manner by this act prescribed, and all demands against such estate which, by virtue of this act, might have been exhibited and allowed by them, but which were not exhibited and allowed, shall be for ever barred. And if any action be commenced against the executor or administrator of such estate, it shall be discontinued when the estate is represented insolvent.

Under this provision it was held, in *Clendenin* v. *Allen,* 4 N. H. 385, that any suit pending at the time of the decree of insolvency, whether against the deceased debtor or his administrator, must be discontinued, and the claim must be proved before the commissioners.

In the act of 1829 (Laws 1830, 96, secs. 22, 24), it was provided that, in all cases where any party shall die, and the cause of action by law survives, the action shall not abate, but may be prosecuted by or against the executors or administrators, and that the attachment made on the original writ shall in such case be and remain good in the same manner as though such party had not died.

The former provision rendered it necessary that all actions pending against insolvent estates should be discontinued ; and this latter provision was made for other cases where the cause of action survived, and where the estate was not administered as insolvent.

In the revision of our statutes in 1842, there was no change made or intended in the law as it existed before, except that it is declared

that the attachment shall be dissolved where the debtor's estate is decreed to be administered as an insolvent estate, but not otherwise, if the cause of action by law survives. That provision evidently applies to actions pending at the decease of the defendant, but does not apply to cases where judgment was rendered before the decease. And the provision that was added, and which did not appear in the former statute (that, in case of the death and insolvency of the defendant during the pendency of the suit, the attachment should be dissolved), was only making the statute say what it had before been held to mean.

For, in *Bowman* v. *Stark*, 6 N. H. 461, it was held that an attachment is not dissolved by the death of the debtor after judgment, although he may die insolvent. And in the same case it is held that, under the law as it was before the Revised Statutes, in case of the decease and insolvency of the debtor pending the suit, the suit must be discontinued, and that thereby the attachment was dissolved, thus showing that the law was settled to be the same before the revision as it was there declared to be. The other provisions of the statute relating to this general subject, remain substantially as they were before the revision. Rev. Stat., ch. 161, sec. 8 ; Comp. Stat. 410 ; Rev. Stat., ch. 184, sec. 31 ; Comp. Stat. 473.

But section 33, chapter 184, of the Revised Statutes (Comp. Stat. 473), provides that " property attached shall be held until the expiration of thirty days from the time of rendering such judgment in the action in favor of the plaintiff, that execution may issue thereon ;" and this provision is substantially the same as existed before the revision.   Laws 1830, 94.

It was by virtue of this provision that it was decided in *Bowman* v. *Stark*, that an attachment is not dissolved where the debtor dies after judgment, even though insolvent. And in *Smith* v. *Brown*, 14 N. H. 67, it was held that an attachment creates a perfect lien, by the rendition of judgment against the defendant before his discharge in bankruptcy.

*Grovesnor* v. *Gold*, 9 Mass. 209, was a case analagous, in many particulars, to the present case. The provisions of their statute were similar to those of our present statute ; that the attachment should be void after the death of the debtor, where the estate was represented as insolvent. And it was there held that goods attached on mesne process may be lawfully sold by the sheriff, on execution, the judgment debtor dying insolvent after the rendition of judgment, and before the sale. And the reason assigned was, that, during the thirty days while the goods were held, there was no representation or commission of insolvency, and the enacting clause (which provides that goods attached on mesne process shall be held for thirty days after judgment, &c.) was left free to operate.

So in this case, there was no representation or commission of insolvency within thirty days after judgment, during which the property was held by the attachment ; and the case finds that, within the thirty days after judgment, the property was demanded of the receiptors by the proper officer, and that they did not deliver any of said property to him. That fixes the liability of the receipt-

ors. And it may be questionable whether, if the estate had been decreed insolvent before the demand, it would have changed the result. *Williams* v. *Williams*, 30 Vt. 386. The receiptors might have taken the property attached, and have delivered it to the officer when demanded, or they might have procured the officer to go and take the property, and they would not have been liable to the administrator. The case finds that all the property was in the hands of the debtor at the time of his death, except the oats, wool, and one of the young cattle, so that the receiptors might have discharged their liability for all but the missing property, unless it should be held that the valuation in the receipt is an entire valuation, and that a part of the property could not be delivered by them without the whole, which would not probably be the case here. But that question does not arise, as the receiptors did not offer but refused to deliver any part of the property demanded. They are equally liable for what the debtor sold as for the rest. They should have looked after the property in his hands and prevented the sale, unless they intended to be bound by it. They entrusted the property to him, and must be held responsible for the whole. Whether these receiptors can now take the property that remains in the hands of the administrator, as they might have done at the time of the demand, and present their claim for what was sold against the estate, or whether the rights of creditors have now intervened, so as to compel these receiptors to present their whole claim to the commissioner of insolvency, and take their distributive share with the other creditors, is a question not raised in the case.

*Judgment for the plaintiff.*