Sheldon *v* Sheldon & Tr.

---

CHARLES J. SHELDON *v*, DAVID SHELDON & TRUSTEE, AND CLAIMANT.

*Action. Practice. Discontinuance. Pleading.*

An action in a case of open damages is considered as still pending after the entry of a default until the assessment of damages; and if the defendant dies before the assessment, and commissioners are appointed, the case will be subject to discontinuance under the provisions of § 16, ch. 53, G. S.

ASSUMPSIT. The facts pertaining to the point decided are set forth in the opinion. The case was discontinued upon motion by the claimant, at the March Term, 1864, PECK, J., presiding. Exceptions by the plaintiff.

*Redfield & Gleason*, for the plaintiff.

*Hard & Ballard*, for the claimant.

BARRETT, J. In this case the defendant was defaulted at the term at which the suit was entered, September Term, 1862, and the cause was continued from term to term without damages having been assessed. At the March Term, 1863, the wife of the defendant entered, by her next friend, as claimant, and a commissioner to take disclosure was appointed. The commission was issued February 4th, 1864. On the 18th of the same month the claimant filed her claim, and at the same time filed a motion to discontinue the cause on the ground of the death of the defendant and the appointment of commissioners by the probate court. On the next day the commissioners' report was filed. At the March Term, 1864, the claimant's motion to discontinue was urged, and sustained by the court; and to this exception was taken. Under this exception, the question is, whether the action was so pending, as to come within the operation of § 16 ch. 53, G. S. If a final judgment had been rendered against the defendant previous to his death and the appointment of commissioners on his estate, then, as is held in *Miller* v. *Williams & Tr.*, 30 Vt. 386, the action would not be so pending as to be subject to discontinuance under that provision of the statute.

In this case the declaration is in the common counts in general assumpsit, and no specification was filed. The plaintiff's cause of action was, in fact, a promissory note. But this was not disclosed by the record. The case stood then upon the effect of the mere entry of a default for the non-appearance of the defendant at the term the suit was entered in court.

We understand that the mere entry of a default, does not involve and amount to the rendering of a final judgment. The default is an incident, which entitles the plaintiff to a judgment, but does not determine either the kind, or amount of such judgment. The rendering of the judgment is to supervene upon, and succeed the entry of the default, and may require intervening proceedings in the case, in order to enable the court to render such a judgment as to law appertains. Sec. 43 ch. 30, G. S. implies all this. "When the defendant in any suit * *' * shall not appear in person or by attorney

his default shall be recorded, and judgment rendered against him thereon, unless," &c.

Sec. 48 ch. 30, G. S. provides for ascertaining the damages, when judgment shall be rendered otherwise than on the verdict of a jury, and presupposes that the proceedings to be had are preliminary to the rendition of the judgment. Now it is well settled that in case of an open count, as in general assumpsit, the default determines nothing but the right of the plaintiff to some judgment; but leaves the matter open for further proceedings by way of assessment; and, until such proceedings are had, the case stands upon the right of the plaintiff to a judgment, but not upon a judgment in fact rendered. Upon the subject of the judgment to be rendered the defendant has a right to appear and be heard, and to contest all the elements upon which the plaintiff should claim a right to a judgment for any thing more than nominal damages.

This being so, it is quite plain that the action must be regarded as still pending between the plaintiff and the defendant till the measure of the plaintiff's right is ascertained, either by his own election to take a judgment for nominal damages, or by a proper assessment, and the judgment is in fact rendered.

In the present case, the history of it, spread upon the record, would show that no judgment had been rendered in it. Nor do we think the case can be found, where a default having been entered and the cause continued to a subsequent term without an entry of judgment, that the record states the judgment as of the term when the default was entered, but always as of the subsequent term when, in point of fact, the entry is, or should be made, or when the case is ended and leaves the docket.

*Webb* v. *Webb*, 16 Vt. 636, is instructive on this subject. We think the motion was properly sustained,—and this renders it unnecessary to consider the other exceptions in the case.

Judgment is affirmed.