FELT AND ANOTHER v. DAVIS.

### Assumpsit.    Judgment.    Waiver.

Defendant subscribed $25 to help plaintiffs rebuild their mill, upon condition that plaintiffs' creditors "sign a paper not to embarrass or molest them for three years." Their creditors signed a paper agreeing to forbear if plaintiffs would pay them 25 per cent. on or before the then next first day of July but one, and 25 per cent. each first day of July thereafter till all was paid, and would not file a petition in bankruptcy. *Held*, that the condition of defendant's subscription had not been complied with.

*Held*, also, that a judgment against defendant in a suit brought by him to recover back money voluntarily paid to plaintiffs upon said subscription, was not a bar to the recovery of the balance of the subscription.

*Held*, also, that payment of part of said subscription by defendant, and a promise to pay the balance, he not then knowing but that the condition of his subscription had been complied with, was not a waiver of the condition.

ASSUMPSIT on a subscription paper. The case was referred, and report by the referee. At the December Term, 1873, BARRETT, J., presiding, the court rendered judgment on the report for the plaintiffs, *pro forma*, to which defendant excepted. The case appears from the opinion.

*Geo. L Fletcher*, for defendant.

*Hugh Henry*, for plaintiffs.

The opinion of the court was delivered by

WHEELER, J. The defendant promised to pay the plaintiffs twenty-five dollars " to help them start up their mill, provided their creditors sign a paper agreeing not to embarrass or molest them for the space of three years." Perhaps the individual creditors of the plaintiffs were not meant; and the mortgage to Mrs. Jerry Rounds was not a debt against them personally, but was merely an incumbrance on their estate, so that neither of these was included in the proviso. But if this was so, the persons who were unquestionably creditors signed a paper agreeing in substance, that they would forbear to sue their demands if the plaintiffs would pay twenty.five per cent. of their respective claims on or before the next succeeding first day of July but one, and the same amount each first day of July thereafter till the whole should be paid, and would not file a petition in bankruptcy, and do not appear to have signed any other paper. This was not a paper agreeing not to embarrass or molest them for the space of three years, but was one merely agreeing upon certain important conditions not to do so for a longer time than that. The defendant did not promise to pay the plaintiffs the twenty-five dollars upon any other condition than that expressed in the written agreement, and he cannot be made liable upon the performance of any other condition than that, although it may be that what has been done is as beneficial to him as the performance of what he provided for. Nor is he bound by the payment of ten dollars of the twenty-five and his promise then to pay the balance. The consideration for his original promise was the making of similar

promises by the other creditors for the same common·object, and there was no corresponding promise by them, nor any other consideration moving from them or any one else at the time of this second promise by him. And further, it appears that he did not then in fact know but that the plaintiffs had complied with the conditions of the original promise, and so he could not be taken to have waived the non-compliance.

The judgment against him in his suit against the plaintiffs to recover back the ten dollars thus paid, is not conclusive upon his rights in this case. He might not be entitled to recover back that ten dollars voluntarily paid, and still not be liable to pay the other fifteen. The questions of liability and right are different, and the decision of one would not determine the other.

The *pro-forma* judgment is reversed, and judgment on report for the defendant.