JAMES A. REED vs. ALONZO STARKEY.

October Term, 1896.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

*Conditional Sale—Attaching Creditor—Secret Trust.*

A conditional vendor's lien, though unrecorded, is good as against an attaching creditor with notice.

A conditional vendor does not waive his lien by attaching the property sold.

An attachment sale which is really only an arrangement between the purchasing creditor and the debtor that there shall be the form of a sale while the latter shall retain the use and benefit of the property as before, is fraudulent and void.

An officer who holds property under an execution, holds it for the execution creditor, and if such creditor has a conditional vendor's lien thereon, the officer may defend in that right against replevin by a stranger.

REPLEVIN. Plea, the general issue. Trial by jury at the March Term, 1896, Windham County, *Munson,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

With respect to the secret trust, the court instructed the jury that if the plaintiff had the property sold upon his attachment under an arrangement with the debtor that the sale should be one in form only, while the debtor should retain the use and benefit of the property as before, the sale was void and conveyed no title to the plaintiff as purchaser.

*Clarke C. Fitts* for the plaintiff.

There was no secret trust in this case because the only arrangement which the evidence tended to show was made subsequent to the judicial sale.

The evidence did not tend to show notice to the plaintiff of Brown's lien.

*Waterman, Martin & Hitt* for the defendant.

The evidence tended to show both that the plaintiff had

notice of Brown's lien and that the judicial sale was fraudulent, and the charge submitted both questions in accordance with the well established doctrine in this State. V. S. 2290; *Watson* v. *Goodno,* 66 Vt. 229; *Webster* v. *Denison,* 25 Vt. 493; *Taylor* v. *Wait,* 52 Vt. 544; *Boardman* v. *Keeler,* 1 Aik. 158.

The defendant held possession for Brown. It could make no difference to the plaintiff whether the wagon was taken on the writ or the lien. He must fail unless his title is better than Brown's. *Keniston* v. *Stevens,* 66 Vt. 351; *Bank* v. *Miller,* 67 Vt. 66.

TYLER, J. Replevin for a wagon which was taken by the defendant as deputy sheriff, upon an execution issued July — 1895, in favor of H. R. Brown *v.* J. D. Reed, a son of the plaintiff, upon a judgment duly rendered.

It appeared that in May, 1894, Brown sold the wagon to J. D. Reed for the sum of $67.50, payable in monthly installments of $10, upon condition that the wagon should remain Brown's property until the price was fully paid. The contract of sale was oral, and only from $20 to $30 of the purchase price was ever paid.

A few days after this contract was made the plaintiff brought a suit against J. D. Reed and attached the wagon with other property, and by an agreement between the parties to the suit all the property attached was, on Aug. 20th, sold upon mesne process, as provided by statute. The attorney for Brown in the suit upon which this execution was issued, who was also attorney for the defendant in this suit, acted as attorney for the plaintiff in the matter of the sale and bid off the wagon and some other property for the plaintiff.

The plaintiff's evidence tended to show that subsequent to this sale the plaintiff and J. D. Reed made an agreement by which the latter should remain in possession of the wagon and the other personal property which had been bid off for the plaintiff at that sale; that J. D. Reed should dispose of

the property and turn the proceeds over to the plaintiff or apply the same on his account; that the attorney had knowledge of this arrangement; that when Brown brought the suit in which this execution was issued all of such property except the wagon had been so disposed of, and that the wagon had been in the possession or control of J. D. Reed and never had been in the possession of the plaintiff. At the Sept. Term, 1894, of Windham County Court, the plaintiff obtained a judgment in his suit against J. D. Reed, an execution was issued, and a return of the sale on mesne process was made on the execution.

The plaintiff claimed title to the wagon by virtue of his attachment and his purchase at the sale on the writ. The defendant claimed that the plaintiff had notice of Brown's lien, at the time of the attachment and sale so that the lien was as effectual as to him as though it had been recorded; also that the proceedings by which the plaintiff sought to acquire title to the property and the possession, use and disposal of it by his son, under the agreement mentioned, constituted a secret trust between the plaintiff and his son, and that the plaintiff acquired no title.

The plaintiff's counsel contends that there was no evidence tending to show that the plaintiff had notice of the existence of Brown's lien.

We think the jury might properly have inferred from the plaintiff's answers on cross-examination respecting the attachment and sale that he had such knowledge.

The wagon was in the officer's hands undisposed of when replevied by the plaintiff, and the plaintiff was bound to show a better title than Brown's in order to maintain his action. If he had notice of Brown's lien when he attached the wagon, or if there was a secret trust between him and his son in respect to the wagon, he did not have a better title than Brown. These questions were submitted to the jury with proper instructions.

The attachment of the wagon by Brown did not operate

*per se* as a waiver of his lien. Rob. Dig. Sup. 260, pl. 51. It cannot be said that the plaintiff resorted to inconsistent remedies. Though the defendant held it on Brown's execution when it was replevied, it was Brown's property as against the plaintiff and the defendant was holding it as such.

*Judgment affirmed.*