WILLIAM H. NOYES AND JOHN H. HINMAN *v.* CHARLES PIERCE.

May Term, 1923.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 3, 1923.

*Accord and Satisfaction—Practice Act—Affirmative Defenses— Effect of Failing to Plead Such A Defense—Trial—Findings Outside Issues Made by Pleadings—Unsatisfied Accord—An Agreement to Accept Note and Part Payment Not An Agreement to Accept Mere Promise to Pay—Promise to Pay Balance Legally Due Without Consideration—Accord without Satisfaction—Insufficient Satisfaction—Trover and Conversion—How Right of Action Extinguished—Valuable Consideration—Estoppel—Conditions of Accord Not Complied With—Rescission—In Proper Case Supreme Court May Award Certified Execution—Judgment Nunc pro Tunc.   Actions in Supreme Court on Exceptions Not Discontinued by Appointment of Commissioners on An Estate.*

1.   Under the Practice Act, the general denial puts in issue the material allegations of the pleading to which it is addressed, and a defense like accord and satisfaction, or waiver of a right of action already accrued, or   any other affirmative defense must be specially pleaded.

2. A defense which ought to be pleaded, but is not, cannot be availed of though it necessarily appears in the evidence.

3. The plaintiffs, having a right to rely upon the issues made by the pleadings, are not bound by the findings of a court, outside such issues, that plaintiffs had waived their right of action against defendant for conversion, where the plaintiffs did not acquiesce in the trial of such outside issue.

4. Neither the agreement by plaintiffs to accept the note of a third person as part payment for defendant's past due lien note on payment of the balance in money, nor the acceptance of such third person's note thereunder, was such an accceptance as constituted a release or discharge of the original debt until the balance in money was. paid, the agreement being at most an unsatisfied accord.

5. Such an agreement will not be enlarged into an agreement to accept defendant's promise to pay the money in lieu of the payment of the money.

6. A promise by a debtor to pay the balance due on an obligation which he was legally bound to pay is without consideration and unenforceable.

7. An accord without satisfaction does not bar the action on the original undertaking.

8. Mere readiness to perform an accord or a tender of performance, or even part performance and a readiness to perform the rest, is not a sufficient satisfaction for an accord.

9. To defeat an action for conversion by the defendant of property covered by his past due and unpaid lien note, where the plaintiffs had agreed to accept the note of a third person as part payment therefor on payment of the difference in money, the right of action must be extinguished either by accord and satisfaction or a waiver amounting to an estoppel.

10. The relinquishment of the debt and waiver of the right to sue for conversion, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied upon as a waiver must be such as to estop a party from insisting on the right claimed to have been relinquished.

11. Where plaintiffs agreed to accept the note of a third person as part payment for defendant's obligation, the balance to be paid in money, upon defendant's failure to pay the money, the condition under which such note was accepted not having been

complied with, the note was properly returned, leaving defendant liable to pay the amount remaining unpaid on the original obligation.

12. The principle that one who has the right to rescind a contract and exercise that right must restore the other party to the same condition that he would have been in had no contract been made *held* inapplicable.

13. Where a plaintiff is defeated below, but prevails on review, and the facts justify a certified execution, the Supreme Court in disposing of the case may award such execution.

14. When a case has been fully heard, so that nothing remains to be done but for the Court to determine the matter and enter judgment, and the delay in rendering judgment arises from the act of the Court, for any cause not attributable to the laches of the parties, the judgment may be entered retrospectively as of the time it should or might have been entered up.

15. Whether a *nunc pro tunc* order should be made depends upon the circumstances of the particular case, and is to be granted or refused as justice may require.

16. Causes brought to the Supreme Court on exceptions, subsequent to judgment below, are not so "pending" as to be subject to discontinuance under G. L. 3305, providing in respect to decedents' estates that an action pending at the time of the appointment of commissioners is discontinued thereby.

ACTION OF TROVER. Plea, general denial. Trial by the court at the December Term, 1921, Caledonia County, *Willcox,* J., presiding. Judgment and verdict for the defendant. The plaintiffs excepted. The opinion states the case. *Reversed, and judgment for the plaintiffs.*

*Searles & Graves* for the plaintiffs.

Counsel are bound by their statements and concessions made in the conduct of a trial, including those relating to the issues involved. *U. S. for Lyman Coal Co.* v. *U. S. Fidelity & Guaranty Co.,* 83 Vt. 278; 6 C. J. 649-650; *Lewis* v. *Summer,* 13 Metc. (Mass.) 272; *Brown* v. *Aiken,* 90 Vt. 569, 99 Atl. 265; *Nichols* v. *Lane,* 93 Vt. 87, 106 Atl. 592; *Clark* v. *Tudhope,* 89 Vt. 246, 95 Atl. 489.

The mere promise to do what the promissor is already legally bound to do affords no consideration for another's promise. *Manley* v. *Vt. Mut. Fire Ins. Co.,* 78 Vt. 331, 62 Atl. 1020; *Davis* v. *Farwell,* 80 Vt. 166, 67 Atl. 129.

An unexecuted accord is no bar to an action on the original obligation. *Manley* v. *Vt. Mut. Fire Ins. Co., supra; Rising* v. *Cummings,* 47 Vt. 345; *Bryant* v. *Gale,* 5 Vt. 416; *Boston & Maine R. R.* v. *Union Mutual Fire Ins. Co.,* 83 Vt. 554, 77 Atl. 874; 1 C. J. 532.

Nothing short of the fulfillment of an agreement of compromise and settlement will discharge the original demand. *Brown* v. *Spofford,* 95 U. S. 474, 24 L. ed. 508; *Piper* v. *Kingsbury,* 48 Vt. 480; *Shubert* v. *Rosenberger,* 204 Fed. 934, 123 C. C. A. 256, 45 L. R. A. (N. S.) 1062; *Sargent* v. *Donahue,* 94 Vt. 271, 277; 1 C. J. 533.

*W W. Reirden* for the defendant.

When admissions of an attorney were made improvidently and by mistake, the court, in its discretion, may relieve him from the consequences of his error. *U. S. for Lyman Coal Co.* v. *U. S. Fidelity & Guaranty Co.,* 83 Vt. 278; 1 Greenl. Ev. 206.

One who has the right to rescind a contract, and exercises that right, must restore the other party to the same condition he would have been in had no contract been made. *Hammond, Assignee* v. *Buckmaster,* 22 Vt. 375; *Fay* v. *Oliver,* 20 Vt. 118; *Loomis* v. *Wainwright,* 21 Vt. 520; *Downer* v. *Smith,* 32 Vt. 1; *Brainard* v. *Van Dyke,* 71 Vt. 359; *Johnson* v. *Belanger,* 85 Vt. 249; *Home Insurance Co.* v. *Howard,* 111 Ind. 544, 13 N. E. 103; *Gould* v. *Cayuga Co. Nat. Bank,* 86 N. Y. 75, 79.

BUTLER, J. This is a complaint in trover, for the conversion of certain personal property described in a lien note dated December 18, 1920, payable four months from date. The defendant answered by general denial. The case was tried by the court; judgment for the defendant. The case comes here on exceptions by plaintiffs to the admission of evidence, finding of facts and to the judgment thereon.

The lien note, called the Pierce note, and signed by defendant, was overdue, and unpaid, and unquestionably valid. The

property conditionally sold to the defendant covered by it was to be and remaiñ plaintiffs', with right of possession and control until the note was paid. The face of the note and the value of the property converted was $1,125.00 as of September 22, 1921. And the court found that the property described in the lien note was practically all sold by defendant without plaintiffs' consent, in violation of the terms of the note, that none of the property was delivered to the plaintiffs on demand, and that the plaintiffs would have been entitled to recover $1,177.21 as of December 7, 1921, had the plaintiffs not entered into the arrangement with the defendant on September 22, 1921, at the time the property was advertised by Sheriff Garfield for sale at public auction on the lien note. Respecting the arrangement, the court says that "in the light of all the circumstances disclosed the court finds that the plaintiffs waived their undoubted right to complain against the defendant for the conversion of the property and * * unconditionally agreed to accept the Hendricks' note (the face value of which was $342.50) and the difference between the value of said note and the value of the Pierce note in money in payment of the Pierce note and in lieu of the lien on the property covered by it." It fairly appears from the findings that the matter was left with Garfield to be adjusted according to this agreement, and that Garfield did accept the Hendricks' note and received payment thereon November 1, 1921, of $15.00, at a time after the time had passed under the conditions imposed. These findings make a case for plaintiffs unless overcome by the defense relied upon. The right to make this defense under the general denial is challenged by plaintiffs' exceptions.

[1, 2]   Since the enactment of the Practice Act, general denial puts in issue the material allegations of the pleadings to which it is addressed. *Burlington Grocery Co.* v. *Lines et al.,* 96 Vt. 405, 120 Atl. 169; *McDonough* v. *Hanger,* 94 Vt. 195, 111 Atl. 452; *Dernier* v. *Rutland Ry. Lt. & P. Co.,* 94 Vt. 187, 110 Atl. 4. Now, a defense like accord and satisfaction, or waiver of a right of action already accrued must be pleaded. If this claim was to be relied upon it should have been included in the answer. *Nichols* v. *Lane,* 93 Vt. 87, 106 Atl. 592; *Bradley* v. *Blandin,* 92 Vt. 313, 104 Atl. 11. In the latest cases before this Court where this subject is treated and the cases reviewed, it is

held that it is now necessary that all matters relied upon as an affirmative defense should be specially pleaded. *McAllister* v. *Benjamin,* 96 Vt. 475, 121 Atl. 263; *Howard Nat. Bk.* v. *Wilson,* 96 Vt. 438, 120 Atl. 889. And a defense which ought to be pleaded, but is not, cannot be availed of though it necessarily appears in the evidence. *Poole* v. *Mass. Mutual Accident Co.,* 75 Vt. 85, 53 Atl. 331.

[3] The contention that defendant was in effect permitted by the court to withdraw his concession that he did not claim a compromise, does not relieve him from the vital objection that the issue is not made by the pleadings. Nor can it be obviated on the theory that the pleadings were treated as amended, for the court expressly states in the findings that the conduct of the trial on this theory of defense "was not acquiesced in by the plaintiffs. The court permitted this line of testimony to be entered into notwithstanding that the case stood upon complaint and general issue." But the plaintiffs without consent were bound only by the issues made and might rightfully rely thereon. In the circumstances therefore the findings relating to a waiver were outside of the case as made by the pleadings and unavailable.

[4] But notwithstanding the shortage in pleadings, the findings do not support the defense. The agreement shows that at most it was an unsatisfied accord. The agreement to accept was not an acceptance, neither was the acceptance of the Hendricks' note an acceptance so as to constitute a release or discharge of the first obligation until the balance in money was paid. The court does not find that plaintiffs agreed to accept the Hendricks' note and the naked promise of the defendant to pay the money in lieu of the Pierce note and the lien on the property, in discharge of the lien, but only to accept the difference in money. It amounts only to an agreement to accept the Hendricks' note in part payment, on payment of the difference, and did not discharge the original debt. *Hard* v. *Burton,* 62 Vt. 315, 20 Atl. 269.

[5-8] It was not the mere promise to pay the money, but the payment of the money itself, that the plaintiffs agreed to accept in discharge of the obligation. To hold otherwise would be to enlarge the contract to an agreement to accept the new promise of defendant to pay the money in lieu of the money as agreed,

which is not permissible. *Sargent* v. *Donahue,* 94 Vt. 271, 110 Atl. 442. Besides the promise to pay the balance was but an agreement to do what he was legally bound to do. Such a promise is without consideration and therefore unenforceable. *Cobb* v. *Cowdery,* 40 Vt. 25, 94 A. D. 370; *Mason* v. *Peters,* 4 Vt. 101. The case comes well within the familiar rule that an accord without satisfaction does not bar the action on the original undertaking. *Manley* v. *Mutual Fire Ins. Co.,* 78 Vt. 331, 62 Atl. 1020, 6 Ann. Cas. 562. Mere readiness to perform an accord or a tender of performance, or even part performance and a readiness to perform the rest, is not sufficient. *Sargent* v. *Donahue, supra; Prest* v. *Cole,* 183 Mass. 283, 67 N. E. 246; *Hosler* v. *Hursh,* 151 Pa. 415, 25 Atl. 52.

Nor does the defendant claim in his brief that a settlement or accord and satisfaction was found by the court, but relies upon the waiver of his right of action. The holding that plaintiffs waived their right is based solely upon the agreement to accept the Hendricks' note and the balance of the money as soon as he sold certain property which the court finds was to be October 1, 1921.

[9, 10] To defeat the plaintiffs, the right of action must be extinguished either by accord and satisfaction or a waiver amounting to an estoppel. The right to maintain this action for the property depended upon the satisfaction of the debt. See *Root* v. *Lord,* 23 Vt. 569; *Reed* v. *Starkey,* 69 Vt. 200, 37 Atl. 297. The relinquishment of the debt and waiver of the right to sue for conversion, to be operative, must be supported by an agreement founded on a valuable consideration, or the act relied upon as a waiver must be such as to estop a party from insisting on the right claimed to have been relinquished. 29 A. & E. Enc., p. 1097; *Rising* v. *Cummings,* 47 Vt. 345; and see *Felt et al.* v. *Davis,* 48 Vt. 506; *Rogers* v. *Whitney,* 91 Vt. 79, 99 Atl. 419; *Stevens* v. *Blood,* 90 Vt. 81, 96 Atl. 697.

[11] Had plaintiffs retained the Hendricks' note it would have reduced the indebtedness by that amount. It is said part performance of an accord does not extinguish the original right but may be pleaded in satisfaction *pro tanto* in actions of tort. *Brunswick* v. *Clem,* 80 Ga. 534, 7 S. E. 84. Defendant by the delivery of the note authorized the payment of the $15.00 to Garfield and the indorsement. But the Hendricks' note was "re-

delivered'' to, and presumably accepted by, defendant before
suit with the payment indorsed. This left nothing for the de-
fendant to do but pay the money due under the original obliga-
tion as therein promised less the amount paid. The condition
under which the plaintiffs agreed to accept the Hendricks' note
not having been complied with, it was rightfully returned. The
agreement recognized the original contract rather than its ex-
tinguishment. The original note was never surrendered or re-
linquished, and the lien therein contained was never discharged.

[12]    The principle contended for by defendant that when
one has the right to rescind a contract and exercises that right
he must restore the other party to the same condition that he
would have been in if no contract had been made obviously
does not apply. The question of rescission is not in the case.
This holding requires no further consideration of the questions
raised by plaintiffs.

[13]    The plaintiffs ask in their brief and argument that on
the case as made, the defense not having been established, the
plaintiffs have judgment in this Court and that a certified exe-
cution issue. This motion conforms to our practice (*Darling* v.
*Woodward,* 54 Vt. 101; *Oben* v. *Adams,* 89 Vt. 158, 94 Atl. 506);
and it is so ordered.


### ON MOTION FOR JUDGMENT *Nunc pro Tunc.*

After the foregoing opinion was read, the death of the de-
fendant subsequent to argument, was suggested on the record.
Thereupon the plaintiffs moved for judgment *nunc pro tunc,* as
of the May Term, A. D. 1923. The motion is opposed by the
administrator of the deceased, who has entered to defend. The
grounds of objection are (a) that the Court has no authority to
render a new judgment on facts found by the lower court and
make the same retroactive; (b) that under the statute the case
was discontinued by appointment of commissioners. Neither
ground of objection is tenable. While in some circumstances it
is held that the power of the Court to make *nunc pro tunc* en-
tries does not embrace the authority to make an entirely new
decision or judgment, it is the unquestionable right of the Court
to enter such a judgment as plaintiff asks for in this case.

[14]    The well established rule deducible from the many
cases touching this matter is that when a case has been fully

heard, so that nothing remains to be done but for the Court to determine the matter and enter judgment and the delay in rendering judgment arises from the act of the Court, either for its convenience or made necessary by the intricacy of the question involved or for any other cause not attributable to the laches of the parties, the judgment may be entered retrospectively as of the time it should or might have been entered up. *Mitchell* v. *Overman*, 103 U. S. 62, 26 L. ed. 396.

[15]     The power is inherent in the Court and has been exercised from time immemorial to prevent unjust prejudice to a party unavoidably delayed for such causes.   Whether a *nunc pro tunc* order should be made depends upon the circumstances of the particular case and is to be granted or refused as justice may require.   An extended review of the cases will be found in note 3 A. L. R. 1403.   See, also, 15 R. C. L. 626.   The precise question has not before been raised in this Court but the prevailing practice has been in harmony with this holding.   See *Snow* v. *Carpenter*, 54 Vt. 17; *Adams* v. *Newell*, 8 Vt. 190; *Walker* v. *King*, 2 Aik. 204.

[16]     The statute invoked in support of the claim that the action is discontinued by appointment of commissioners applies only to actions "pending at the time the commissioners are appointed."   G. L. 3305.   It is held that causes brought to this Court on exceptions, subsequent to judgment below, are not so pending as to be subject to discontinuance under provision of the statute.   *Walker* v. *King, supra; Miller* v. *Williams,* 30 Vt. 386; *Sheldon* v. *Sheldon,* 37 Vt. 152; *Snow* v. *Carpenter, supra.* So a case that has been heard and submitted on review cannot be considered as pending within the meaning of the statute.

*Judgment reversed and judgment for plaintiff for $1,162.21 with interest from December 7, 1921, as of the May Term, A. D. 1923.*